# Exhibit A





State of Connecticut Judicial Branch

**Superior Court Case Look-up**

Superior Court Case Look-up
- Civil/Family
- Housing
- Small Claims

Attorney/Firm Juris Number Look-up

Case Look-up
- By Party Name
- By Docket Number
- By Attorney/Firm Juris Number
- By Property Address

Short Calendar Look-up
- By Court Location
- By Attorney/Firm Juris Number
- Motion to Seal or Close
- Calendar Notices

Court Events Look-up
- By Date
- By Docket Number
- By Attorney/Firm Juris Number

Legal Notices

Pending Foreclosure Sales

Understanding
Display of Case Information

Contact Us



Comments

**NNH-CV20-6103506-S**     **HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al**

**Prefix:** NH6    **Case Type:** T90    **File Date:** 04/24/2020    **Return Date:** 04/28/2020

Case Detail   Notices   History   Scheduled Court Dates   E-Services Login   Screen Section Help ▶

To receive an email when there is activity on this case, click here.

**Information Updated as of:** 07/31/2020

| Case Information |
|---|
| **Case Type:** T90 - Torts - All other |
| **Court Location:** NEW HAVEN JD |
| **List Type:** No List Type |
| **Trial List Claim:** |
| **Last Action Date:** 07/31/2020 (The "last action date" is the date the information was entered in the system) |

| Disposition Information |
|---|
| **Disposition Date:** |
| **Disposition:** |
| **Judge or Magistrate:** |

| Party & Appearance Information |
|---|

| Party | | No Fee Party | Category |
|---|---|---|---|
| **P-01 DANIEL HUGHES** | | | Plaintiff |
| Attorney: ARIANE MICHELE ICE (440836) 6586 HYPOLUXO RD SUITE 350 LAKE WORTH, FL 33467 | File Date: 04/24/2020 | | |
| **P-02 MONICA HUGHES** | | | Plaintiff |
| Attorney: ARIANE MICHELE ICE (440836) 6586 HYPOLUXO RD SUITE 350 LAKE WORTH, FL 33467 | File Date: 04/24/2020 | | |
| **D-01 STRATEGIC FINANCIAL SOLUTIONS, LLC;** | | | Defendant |
| Attorney: FROST BUSSERT LLC (433115) 350 ORANGE STREET SUITE 100 NEW HAVEN, CT 06511 | File Date: 07/01/2020 | | |
| **D-02 F SOLUTIONS, LLC** | | | Defendant |
| Attorney: FROST BUSSERT LLC (433115) 350 ORANGE STREET SUITE 100 NEW HAVEN, CT 06511 | File Date: 07/01/2020 | | |
| **D-03 STRATEGIC CLIENT SUPPORT, LLC;** | | | Defendant |
| Attorney: FROST BUSSERT LLC (433115) 350 ORANGE STREET SUITE 100 NEW HAVEN, CT 06511 | File Date: 07/01/2020 | | |
| **D-04 ANCHOR CLIENT SERVICES, LLC** | | | Defendant |
| Attorney: FROST BUSSERT LLC (433115) 350 ORANGE STREET SUITE 100 NEW HAVEN, CT 06511 | File Date: 07/01/2020 | | |
| **D-05 RYAN SASSON** | | | Defendant |
| Attorney: FROST BUSSERT LLC (433115) 350 ORANGE STREET SUITE 100 NEW HAVEN, CT 06511 | File Date: 07/01/2020 | | |
| **D-06 KIMBERLY CELIC** | | | Defendant |
| Attorney: FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | | |

350 ORANGE STREET
SUITE 100
NEW HAVEN, CT 06511

| | | |
|---|---|---|
| **D-07 LAUREN MONTANILE** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-08 DANIEL CAMACHO** | | Defendant |
| Non-Appearing | | |
| **D-09 ANCHOR LAW FIRM, PLLC** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-10 JASON BLUST** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-11 THOMAS ROGUS** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-12 TIMOTHY BURNETTE** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-13 STACY ROBINSON** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-14 ROBIN LASKY** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-15 VELSA HOLDINGS, LLC** | | Defendant |
| **Attorney:** 🖱 FROST BUSSERT LLC (433115) | File Date: 06/18/2020 | |
| 350 ORANGE STREET | | |
| SUITE 100 | | |
| NEW HAVEN, CT 06511 | | |
| **D-16 WENDY LEE BURSEY** | | Defendant |
| **Attorney:** 🖱 WOOD SMITH HENNING & BERMAN (437620) | File Date: 04/30/2020 | |
| 40 RICHARDS AVENUE | | |
| 3RD FLOOR | | |
| NORWALK, CT 06854 | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an 🖱 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| | | | Motions / Pleadings / Documents / Case Status | |
|---|---|---|---|---|
| **Entry No** | **File Date** | **Filed By** | **Description** | **Arguable** |
| | 04/24/2020 | P | **SUMMONS** | |
| | 04/24/2020 | P | **COMPLAINT** | |
| | 04/24/2020 | P | **ADDITIONAL PARTIES PAGE** | |
| | 04/30/2020 | D | **APPEARANCE** <br> Appearance | |
| | 06/18/2020 | D | **APPEARANCE** <br> Appearance | |
| | 07/01/2020 | D | **APPEARANCE** <br> Appearance | |
| 100.30 | 04/24/2020 | P | **RETURN OF SERVICE** | No |
| 101.00 | 04/30/2020 | D | **MOTION FOR EXTENSION OF TIME TO PLEAD** <br> *RESULT*: Granted 5/16/2020 HON M NAWAZ WAHLA | No |
| 101.10 | 05/16/2020 | C | **ORDER** <br> *RESULT*: Granted 5/16/2020 HON M NAWAZ WAHLA | No |
| 102.00 | 06/01/2020 | P | **MOTION FOR PERMISSION TO AMEND MOTION OR PLEADING** <br> Motion to Amend Civil Process to Revise the Return Date | No |
| 103.00 | 06/24/2020 | D | **REQUEST TO REVISE** | No |
| 104.00 | 07/07/2020 | P | **MOTION FOR CONTINUANCE** <br> *RESULT*: Granted 7/8/2020 HON M NAWAZ WAHLA | No |
| 104.10 | 07/08/2020 | C | **ORDER** <br> *RESULT*: Granted 7/8/2020 HON M NAWAZ WAHLA | No |
| 105.00 | 07/24/2020 | P | **OBJECTION TO REQUEST TO REVISE** ! NEW | No |
| 106.00 | 07/27/2020 | P | **OBJECTION TO REQUEST TO REVISE** ! NEW <br> Correcting the previous Objection to Request to Revise filed today | No |
| 107.00 | 07/30/2020 | P | **MOTION FOR CONTINUANCE** ! NEW <br> *RESULT*: Denied 7/30/2020 HON M NAWAZ WAHLA | No |
| 107.10 | 07/30/2020 | C | **ORDER** ! NEW <br> *RESULT*: Denied 7/30/2020 HON M NAWAZ WAHLA | No |
| 108.00 | 07/31/2020 | P | **SCHEDULING ORDER** ! NEW | No |

| | Scheduled Court Dates as of 07/30/2020 | | | |
|---|---|---|---|---|
| | **NNH-CV20-6103506-S - HUGHES, DANIEL Et al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et al** | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| 1 | 08/10/2020 | | Short Calendar SC-16 #004 | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2020, State of Connecticut Judicial Branch

Page Created on 7/31/2020 at 6:04:56 PM

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

<table>
<tr><td>For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: <i>www.jud.ct.gov/ADA.</i></td></tr>
</table>

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **235 Church St, New Haven, CT 06510** | ( 203 ) 503 – 6800 | **April 28, 2020** |

| | | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☒ Judicial District | G.A. | | Major: **T**    Minor: **90** |
| ☐ Housing Session | ☐ Number: ___ | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Ariane Ice, Ice Legal, P.A., 20 Portsmouth Ave. Suite 1, No 225, Stratham, NH 03885 | 440836 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 603 ) 242 – 1503 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* <br> service@icelegal.com; ariane.ice@icelegal.com |
|---|---|

| Parties | | Name (*Last, First, Middle Initial*) and address of each party (*Number; street; P.O. Box; town; state; zip; country, if not USA*) | |
|---|---|---|---|
| **First plaintiff** | Name: | **Hughes, Monica** | **P-01** |
| | Address: | 67 Idlewood, Wolcott, CT 06716 | |
| **Additional plaintiff** | Name: | **Hughes, Daniel** | **P-02** |
| | Address: | 67 Idlewood, Wolcott, CT 06716 | |
| **First defendant** | Name: | **Strategic Financial Solutions, LLC** | **D-01** |
| | Address: | 711 Third Avenue, 6th Floor, New York, NY 10017 | |
| **Additional defendant** | Name: | **F Solutions, LLC** | **D-02** |
| | Address: | 711 Third Avenue, 6th Floor, New York, NY 10017 | |
| **Additional defendant** | Name: | **Strategic Client Support, LLC** | **D-03** |
| | Address: | 711 Third Avenue, 6th Floor, New York, NY 10017 | |
| **Additional defendant** | Name: | **Anchor Client Services, LLC** | **D-04** |
| | Address: | 711 Third Avenue, 6th Floor, New York, NY 10017 | |

| Total number of plaintiffs: 2 | Total number of defendants:16 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| **03/10/2020** | | ☐ _____ Clerk | **Ariane Ice** |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

**Page 1 of 2**

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff  *(Last, First, Middle Initial)*
**Hughes, Monica**

First named Defendant  *(Last, First, Middle Initial)*
**Strategic Financial Solutions, LLC**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Sasson, Ryan** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 05 |
| **Celic, Kimberly** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 06 |
| **Montanile, Lauren** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 07 |
| **Camacho, Daniel** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 08 |
| **Anchor Law Firm, PLLC** | **609 SW 8th St. Ste. 600, Bentonville, AR 72712** | 09 |
| **Blust, Jason** | **211 W. Wacker Dr. Suite 300, Chicago, IL 60606** | 10 |
| **Rogus, Thomas** | **211 W. Wacker Dr. Suite 300, Chicago, IL 60606** | 11 |
| | 12 | *FOR COURT USE ONLY - File Date* |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

# CIVIL SUMMONS
## CONTINUATION OF PARTIES
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
## SUPERIOR COURT

First named Plaintiff *(Last, First, Middle Initial)*
**Hughes, Monica**

First named Defendant *(Last, First, Middle Initial)*
**Strategic Financial Solutions, LLC**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Burnette, Timothy** | **211 W. Wacker Dr. Suite 300, Chicago, IL 60606** | 05 |
| **Robinson, Stacy** | **609 SW 8th St. Ste. 600, Bentonville, AR 72712** | 06 |
| **Lasky, Robin** | **40 Westwood Rd, Branford, CT 06405** | 07 |
| **Velsa Holdings, LLC** | **5550 Painted Mirage Road, Suite 320, Las Vegas, NV 89149** | 08 |
| **Bursey, Wendy Lee** | **839 Burlington Ave, Bristol, CT 06010** | 09 |
| | | 10 |
| | | 11 |
| | 12 | *FOR COURT USE ONLY - File Date* |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

No. _____ | Superior Court

Daniel Hughes and Monica Hughes, | Judicial District of New Haven

     Plaintiffs | at New Haven

v.

Strategic Financial Solutions, LLC; F Solutions, LLC
Strategic Client Support, LLC; Anchor Client
Services, LLC; Ryan Sasson; Kimberly Celic; Lauren
Montanile; Daniel Camacho; Anchor Law Firm,
PLLC, Jason Blust; Thomas Rogus; Timothy
Burnette; Stacy Robinson; Robin Lasky; Velsa
Holdings, LLC; Wendy Lee Bursey,

     Defendants

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

## TABLE OF CONTENTS

GENERAL ALLEGATIONS ................................................................................................... 3

    A.    Summary of the Case ................................................................................... 3

    B.    Parties ........................................................................................................... 3

    C.    Jurisdiction and Venue ................................................................................ 9

    D.    Introduction – laying the trap ................................................................... 10

         1.    Whack-a-mole ..................................................................................... 12

         2.    The Facade Firms ............................................................................... 13

         3.    The attorney network scheme posing as multiple firms ..................... 17

    E.    Springing the trap ...................................................................................... 19

    F.    The wrongful acts and misrepresentations of the Defendants. ................. 22

         1.    The SFS Defendants ........................................................................... 22

         2.    The Facade Firm Defendants ............................................................. 26

    3.   Montanile ............................................................................. 27

    4.   Daniel Camacho .................................................................. 28

    5.   Jason Blust, Thomas Rogus, and Timothy Burnette ............... 28

    6.   Robin Lasky ....................................................................... 28

    7.   The Notary Services Defendant ........................................... 29

    8.   The Notary Defendant ........................................................ 30

  G.    Damages ..................................................................................... 31

  H.    Conspiracy and RICO Allegations ............................................... 32

FIRST COUNT:      FRAUD, DECEIT AND INTENTIONAL MISREPRESENTATION .... 39

SECOND COUNT:    CONSPIRACY TO COMMIT FRAUD .................................. 41

THIRD COUNT:      CIVIL RIGHT OF ACTION FOR VIOLATION OF THE
                        RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
                        ACT ("RICO") 18 U.S.C. § 1962(c) and(d) ............................ 42

FOURTH COUNT:    PRIVATE RIGHT OF ACTION FOR VIOLATION OF THE
                        CONNECTICUT UNFAIR TRADE PRACTICES ACT  Conn. Gen.
                        Stat. § 42-110a, et seq. .............................................................. 43

FIFTH COUNT:       LEGAL MALPRACTICE IN TORT ...................................... 44

SIXTH COUNT:      IMPLIED PRIVATE RIGHT OF ACTION FOR VIOLATION OF
                        THE CONNECTICUT UNAUTHORIZED PRACTICE OF LAW
                        STATUTE .............................................................................. 45

DEMAND FOR JURY TRIAL ............................................................... 47

DEMAND FOR RELIEF ........................................................................ 47

NOTICE OF ACTION ............................................................................. 47

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

# GENERAL ALLEGATIONS

Plaintiffs, Daniel Hughes and Monica Hughes, for their Complaint allege:

## A.  Summary of the Case

1.      This is a case of fraud, conspiracy to commit fraud, violation of the Racketeer Influenced and Corrupt Organizations Act, violation of the Connecticut Unfair Trade Practices Act, legal malpractice, and violation of Connecticut unauthorized practice of law statute in which the Plaintiffs seek damages, including compensatory damages, treble damages, punitive damages and attorneys' fees and costs.

2.      This case involves a debt settlement scheme involving numerous entities and individuals that conspire to defraud Connecticut consumers as a common enterprise.

3.      The enterprise defrauds consumers by posing as lawyers and law firms and by enlisting real lawyers and law firms to provide their names for the scheme even though they do not—and generally, cannot—perform legal services themselves in Connecticut where the consumers reside.

4.      The Defendants adopted a business structure that fraudulently mimics the "attorney model" of debt settlement—a controversial structure in its own right—in order to evade the licensing and fee-limitation requirements for non-attorney settlement companies in various states and to project an aura of trustworthiness to lure unsuspecting consumers.

## B.  Parties

### *The Plaintiffs*

5.      The Plaintiffs, **Daniel Hughes and Monica Hughes**, are Connecticut residents and domiciliary and at all material times resided at 67 Idlewild Road., #6, Wolcott, Connecticut 06716.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

6.    The SFS Defendants are conducting the business practices described below through an interrelated network of companies that have common officers, managers, business functions, employees, and office locations, and that have commingled funds.

a)  SFS Defendant **Strategic Financial Solutions, LLC ("SFS")**, is a Nevada limited liability company whose managing member is eVestment, Inc., owned by Nasdaq, Inc.  SFS does business throughout the United States, including the state of Connecticut.  It is the parent, affiliate, or alter ego of the SFS Defendants.

b)  SFS Defendant, **F Solutions, LLC ("FS")**, a New York limited liability company, (formerly named Elimadebt, LLC operating under the unregistered fictitious name of **Finance Solutions, LLC**).   FS does business throughout the United States, including the state of Connecticut.  FS shares principals and an office address with SFS and is operated together with SFS as one company.

c)  SFS Defendant, **Strategic Client Support, LLC ("SCS")**, is a Delaware limited liability company f/k/a Pioneer Client Services LLC f/k/a Fusion Processing, LLC f/k/a Fusion Client Services f/k/a Strategic Client Services that does business throughout the United States, including the state of Connecticut. SCS shares principals and an office address with SFS and is operated together with SFS as one company.

d)  SFS Defendant, **Anchor Client Services, LLC ("ACS")**, is a Delaware limited liability company that does business throughout the United States,

including the state of Connecticut. ACS shares principals and an office address with SFS and is operated together with SFS as one company.

e)   SFS Defendant, **Ryan Sasson ("Sasson")**, is or has been a *de facto* or *de jure* owner, officer, principal, manager, director, member, organizer, authorized representative, of SFS and the SFS Defendants. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Sasson resides in New York and through the SFS Defendants, conducts business throughout the United States, including the state of Connecticut.

f)   SFS Defendant, **Kimberly Celic ("Celic")**, is a New York resident who, as an employee, part owner, and Chief People Officer of the SFS Defendants, facilitates Anchor's appearance of a law firm by falsely holding herself out as a bona fide Human Resource director of the Facade Firms. Through the Facade Firms and the SFS Defendants, Celic conducts business throughout the United States, including the state of Connecticut.

g)   SFS Defendant, **Lauren Montanile ("Montanile")**, is a New York and New Jersey attorney and resident who, as an employee and part owner of the SFS Defendants, facilitates Anchor's appearance of a law firm by falsely holding herself out as a bona fide supervising attorney and member of, Anchor and other Facade Firms. Through the Facade Firms and the SFS Defendants, Montanile conducts business throughout the United States, including the state of Connecticut.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

h) SFS Defendant, **Daniel Camacho ("Camacho")**, is a New York resident who held himself out as a "Law Firm Contact" for various Facade Firms including Anchor and conducts telemarketing activities throughout the United States, including the state of Connecticut.

7. The Facade Firm Defendants are conducting the business practices described below through an interrelated network of Facade Firms that have common officers, managers, business functions, employees, or office locations, and that have commingled funds.

a) Facade Firm Defendant, **Anchor Law Firm, PLLC ("Anchor" or "Facade Entity" or "Shell Entity")**, is an Arkansas entity that the Defendants hold out to be a bona fide law firm in the business of representing clients for both debt relief and in-court legal litigation. Anchor operates throughout the United States, including the state of Connecticut.

b) Facade Firm Defendant, **Jason Blust ("Blust")**, is an Illinois attorney and is, or has been, a *de facto* or *de jure* owner, officer, principal, manager, director, member, organizer, authorized representative, of the Facade Firms and Anchor. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Blust resides in Illinois and through the Facade Firms, conducts business throughout the United States, including the state of Connecticut.

c) Facade Firm Defendant, **Thomas Rogus ("Rogus")**, is an Illinois attorney and is, or has been, a *de facto* or *de jure* owner, officer, principal, manager, director, member, organizer, authorized representative, of the Facade Firms and

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

Anchor. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Rogus resides in Illinois and through the Facade Firms, conducts business throughout the United States, including the state of Connecticut.

d) Facade Firm Defendant, **Timothy Burnette ("Burnette")**, is an Illinois attorney and is, or has been, a *de facto* or *de jure* owner, officer, principal, manager, director, member, organizer, authorized representative, of the Facade Firms and Anchor. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. Burnette resides in Illinois and through the Facade Firms, conducts business throughout the United States, including the state of Connecticut.

e) Facade Firm Defendant, **Stacy Robinson ("Robinson")**, is an Arkansas attorney and resident who facilitates Anchor's appearance of a law firm by falsely holding herself out as a bona fide member of, Anchor and other Facade Firms. Through the Facade Firms, Robinson conducts business throughout the United States, including the state of Connecticut.

f) Facade Firm Defendant, **Robin Lasky ("Lasky")**, is a Connecticut attorney and resident who facilitates Anchor's appearance of a law firm by falsely holding himself out as a bona fide attorney with, and member of, Anchor and other Facade Firms. Through the Facade Firms, Lasky conducts business throughout the United States, including the state of Connecticut.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

8. Notary Services Defendant, **Velsa Holdings, LLC ("Velsa" or "NPN")**, is a Nevada limited liability company which does business as **National Paralegal and Notary** throughout the United States, including the state of Connecticut.

9. Notary Defendant, **Wendy Lee Bursey ("Bursey)**, is a Connecticut resident and mobile notary who facilitates Anchor's appearance as a law firm by falsely holding herself out as a bona fide paralegal or representative of Anchor who conducted and was capable of conducting a consultation with Plaintiffs.

10. All Defendants, including their leadership, membership, and associates, constitute an association-in-fact (the "SFS Enterprise").



**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503



## C. Jurisdiction and Venue

11.     The Superior Court has subject matter jurisdiction over this case as it is the Court of general jurisdiction over claims for monetary damages in Connecticut. Conn. Gen. Stat §§ 51-164s.; 52-1.

12.     The damages claimed are within the jurisdictional limits of the court.

13.     The Court has personal jurisdiction over the non-resident Defendants because they committed tortious acts in Connecticut, and regularly transact business in the state of Connecticut, thereby availing themselves of Connecticut law and the benefit of conducting activities within the forum state. Conn. Gen. Stat. § 52-92b.

14.     Venue in this action properly lies in New Haven County because Plaintiffs live there, and Defendants conduct business there.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

## D. Introduction – laying the trap

15.    The SFS Defendants have built a business model designed to make it appear that it is merely a vendor performing debt negotiation services for various "law firms"—the Facade Firm Defendants.

16.    In reality, however, it is the SFS Defendants that lure consumers by arranging referrals from marketing companies whose aggressively disseminated bait-and-switch advertising falsely promises guaranteed loans.

17.    Using high-pressure, rehearsed sales tactics over the phone, salesmen employed by the SFS Defendants in New York, who are not attorneys, convince consumers to sign up for its illusory services, often by giving legal advice about other options such as bankruptcy.

18.    Once a consumer is ensnared, the SFS Defendants arrange for them to execute a contract through one of its portfolio of shell law firms (the "Facade Firms" or "shell firms") set up by a shadowy group of Chicago lawyers associated with a prior similar operation—Legal Helpers Debt Resolution, LLC ("Legal Helpers")—that was discredited and shut down by government authorities.

19.    The salesperson employed by the SFS Defendants chooses a firm based on the state where the consumer lives.

20.    The salesperson arranges for a meeting with a mobile notary posing as a paralegal, or even a lawyer, of the shell firm for the "face-to-face meeting" required by the exception to the federal regulations which the SFS Enterprise seeks to exploit.

21.    The SFS Defendants draft the purported legal services contract inserting the name of the chosen Facade Firm into the contract:

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

<table>
<tr><td>

**A<small>NCHOR</small> L<small>AW</small> F<small>IRM</small>, PLLC**

**1.6. Litigation Defense Services**

Creditors and/or debt collectors may file lawsuit[s] of owed debt(s). Anchor will provide Litigation [Defense Services in the event] a Summons and Complaint. Anchors Litigation s[ervices]

**Services**

1. Anchor will receive, review, and analyze any summons, complaint, petition, application, or other operative pleading the client has received.

2. Anchor will evaluate potential legal defenses to the Plaintiff creditor's suit.

</td><td>

**B<small>OULDER</small> L<small>EGAL</small> G<small>ROUP</small>, LLC**

**1.6.    Litigation Defense Services**

Creditors and/or debt collectors may file lawsuit(s) agai[nst] Boulder will provide Litigation Defense Services in the ev[ent] Litigation services and limitations include:

**Services**

1. Boulder will receive, review, and analyze any summons, complaint, petition, application, or other operative pleading the client has received.

2. Boulder will evaluate potential legal defenses to the Plaintiff creditor's suit.

</td></tr>
<tr><td>

**SUMMIT LAW FIRM**

*1.6. Litigation Defense Services*

Creditors and/or debt collectors may file lawsuit(s) ag[ainst] debt(s). Summit will provide Litigation Defense Servi[ces] Complaint. The Litigation Defense Services will includ[e] Summit's Litigation Defense Services and limitations

**Services**

1. Summit will receive, review, and analyze any summons, complaint, petition, application, or other operative pleading the client has received.

2. Summit will evaluate potential legal defenses to the Plaintiff creditor's suit.

</td><td>

**ROCKWELL LEGAL GROUP**

**1.6. Litigation Defense Services**

Creditors and/or debt collectors may file lawsuit(s) ag[ainst] debt(s). Rockwell will provide Litigation Defense Ser[vices] and Complaint. Rockwell's Litigation services and limitation[s]

Services

1. Rockwell will receive, review, and analyze any summons, complaint, petition, application, or other operative pleading the client has received.

2. Rockwell will evaluate potential legal defenses to the Plaintiff creditor's suit.

</td></tr>
</table>

22.     The SFS Defendants insert the name of the salesman as the "Law Firm Contact."

23.     The phone number for the Facade Firm on the contract and on the Facade Firm website actually rings in the New York offices of the SFS Defendants and is answered by the SFS Defendants' non-lawyer staff who identify themselves in a way that leads consumers to believe they are talking to a Facade Firm employee.

24.     Mail sent to the shell law firm address on the legal services contract or website goes to a maildrop at a virtual space, usually maintained by Regus, PLC.  The mail is overnighted to Excela Technologies in New York, scanned, and uploaded into the SFS Defendants' computer system.



25.     The SFS Defendants' program consists of telling the consumer to stop paying their creditors (to give "the law firm more leverage when negotiating"), and instead, pay them exorbitant up-front fees.

26.     If one of these creditors brings suit against an "SFS client," the SFS Defendants will decide when and if an "in-state" attorney is assigned to defend the case.

27.     Whether or not an "in-state" attorney is assigned, the SFS Defendants' staff will sometimes attempt to negotiate a consent judgment with the creditor's counsel  and even instruct "clients" what to do and say in court.

28.     The SFS Defendant's purpose in masquerading as a law firm is to evade various federal and state laws intended to curb deceptive and abusive practices of debt settlement companies, including the Telemarking Sales Rule "TSR"[1] and to project the aura of trustworthiness with a profession that is supervised by the courts and bar organizations

**1.   Whack-a-mole**

29.     The now infamous Legal Helpers Debt Resolution, LLC ("Legal Helpers") was founded by attorneys at the Chicago firm of Macey, Aleman, Hyslip and Searns.  It declared bankruptcy after being sued by the Attorneys General of Illinois, Wisconsin, and North Carolina— and after attorneys Macey and Aleman were suspended from the practice of law.

30.     In those suits and bar grievances (as well as at least one class action),  the attorneys were accused of a fraudulent objective similar to that alleged here—that they "established Legal Helpers for the purpose of partnering with non-lawyer companies in the consumer debt settlement

---

[1] 16 CFR Part 310 regulates telemarketing defined "a plan, program, or campaign . . . to induce the purchase of …services" involving more than one interstate telephone call and was promulgated by the Federal Trade Commission ("FTC") to implement the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. 6101-6108.

Ice Legal Co.
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

industry in order to take advantage of certain exemptions that new regulations governing the debt settlement industry allowed for attorneys."

31.    Despite this regulatory action to end Legal Helpers' practices, the same players involved in the original scheme have re-created a nearly identical scheme that is the subject of this lawsuit.

32.    For example, SFS Chief Executive Officer, Ryan Sasson, was the Supervisor and Manager of Legal Helpers in 2012 and president LHDR Help, LLC in 2012.

33.    Facade Firm Defendants Blust and Rogus—as well as others connected to the Facade Firms—were partners or attorneys of Legal Helpers.

34.    The specific elements of Legal Helpers' business structure, the methods, and even the nomenclature (such as "Welcome Packet" and "Class B" partner) to accomplish what at least one court found to be fraudulent misrepresentation and a violation of 11 U.S.C. § 526 is nearly identical to that alleged here as still being used by the Defendants today.

## 2.  The Facade Firms

35.    The SFS Defendants, together with the Facade Firm Defendants, create and maintain a collection of entities being held out as law firms, which SFS Defendants calls their brand "portfolio" or "programs."

36.    The key difference between the current SFS Enterprise scheme and the Legal Helpers scheme is that the attorney network here is composed of a confusing and overlapping array of Facade Firms created for one or more of the following purposes: 1) obfuscating the identities of persons formerly involved in the Legal Helpers scheme and the conspiracy between them; 2) falsely creating additional "shelf space" for its internet advertising through the fiction of different law firm brands for a single enterprise; 3) creating the illusion of choice for consumers;

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

and 4) "churning" the entities such that those with poor ratings and high customer complaints can be discarded for another entity that has not yet amassed negative reviews.

37.     Aside from Anchor, the Facade Firms created by the Facade Firm Defendants include, but may not be limited to: Bedrock Legal ("Bedrock"); Boulder Legal Group, LLC ("Boulder"), Canyon Legal Group, LLC ("Canyon); Carolina Legal Services ("Carolina"); Chinn Legal Group, LLC ("Chinn"); Colonial Law Group, LLC ("Colonial"); The Commonwealth Law Group, PLLC ("Commonwealth"); Cornerstone Legal Group, LLC ("Cornerstone"); Credit Advocates Law Firm, LLC ("Credit"); Dubin Legal Group, LLC ("Dubin"); Frontier Consumer Law Group, LLC ("Frontier"); Gardner Legal, LLC ("Gardner"); Glacier Bay Law ("Glacier"); Great Lakes Law Firm, LLC ("Great Lakes"); Harbor Legal Group, LLC ("Harbor"); Heartland Legal Group, LLC ("Heartland"); Henry Legal Group, LLP ("Henry); Hinds Law, LLC ("Hinds"); Monarch Legal Group ("Monarch"); Phoenix Legal Group, LLC ("Phoenix"); Pioneer Law Firm, P.C. ("Pioneer"); Rockwell Legal Group ("Rockwell"); Royal Legal Group, LLC ("Royal"); Stonepoint Legal Group ("Stonepoint"); The Sands Law Group, LLC ("Sands"); Whitestone Legal Group ("Whitestone"); and Wyolaw, LLC ("Wyolaw").

38.     Facade Firm Defendant, Jason Blust, operating out of a co-working space at 211 W. Wacker Dr., Ste. 300 Chicago, IL 60606, is the President, Secretary, Treasurer, and Director of Pioneer, a 98 percent owner of Cornerstone, a managing member of Credit, a member of Boulder, and the Law Offices of Jason Blust, LLC was or is the employer of Michelle Hinds, the manager of Hinds (operating out of the same address).  He was involved in the creation of Royal which violated a permanent injunction prohibiting him and Pioneer from providing debt-resolution services in Kansas.

*Ice Legal Co.*
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

39.     Facade Firm Defendant Thomas Rogus, who operates out of the same Chicago address as Blust, is the majority and controlling member of Anchor.

40.     Facade Firm Defendant, Timothy Burnette, operating out the same Chicago address as Blust and Rogus, is the principal of Burnette Legal Group, LLC, d/b/a Monarch Legal Group, where phone calls from mail drop facilities for Anchor are directed.  He is also a "partner" of a Facade Firm and an agent, contact person or authorized signer listed in the foreign registrations for most of these Facade Firms.

41.     Some of the websites for the Facade Firms provide redacted settlement letters as proof of their success.  The settlement letters bear a striking resemblance:



| ANCHOR SETTLEMENT LETTER | CAROLINA SETTLEMENT LETTER | ROYAL SETTLEMENT LETTER |

42.     Some settlement letters touted as Anchor successes on Anchor's website are actually settlement letters to Harbor, Pioneer, and Boulder, but these names are hidden by redactions.

43.     Similarly, many letters claimed by other Facade Firms as evidence of their individual success are actually letters sent to different Facade Firms.

*Ice Legal Co.*
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

44.     Nearly all have phone numbers on their websites that connect directly to the same SFS call center where employees answer by identifying themselves as being employees of the law firm being dialed.

45.     In its marketing and public relations statements, SFS refers to Facade Firm clients, as their own and touts the number of clients and the dollar value of debt settled its own achievements rather than that of the Facade Firms.

46.     Similarly, the individual Facade Firms also take credit for the same number of clients and dollar value of debt settled as SFS.

47.     Similarly, Timberline Financial, LLC—of which SFS Defendant, Ryan Sasson, is the CEO, has settlement letters that are virtually identical to those of the Facade Firms:



| ANCHOR SETTLEMENT LETTER | TIMBERLINE SETTLEMENT LETTER |

48.     Timberline letters are included as the achievements on Facade Firm websites, including that of Anchor.

Ice Legal Co.
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

### 3. The attorney network scheme posing as multiple firms.

49.     Despite the use of approximately thirty different Facade Firm names, the SFS Enterprise uses a single network of the same attorneys.  The network is managed by the Chicago attorneys which the SFS Enterprise falsely portrays as approximately thirty different firms.

50.     Typically, each  Facade Firm consists of a Majority Member (who was formerly associated with Legal Helpers), a Minority Member (who registers the entity in his or her state), a group of "In-State attorneys," (one or more in each state which the Facade Firm network actively enroll consumers), and "SFS attorneys" (who work at the New York offices of the SFS Defendants).

51.     The Chicago attorneys recruit the Minority Members and the In-State attorneys, through advertisements (such as posting on Craigslist) and the SFS attorneys directly from the group of attorneys already employed by the SFS Defendants.  The In-State attorneys and SFS attorneys are referred to as "Class B" members."

52.     Here, the Majority Member is Thomas Rogus, the Minority Member is Stacy Robinson, the In-State in attorney in Connecticut is Robin Lasky (and possibly others), and the SFS attorney is Lauren Montanile.

53.     Although the In-State attorneys serve as the Facade Firms' purported licensed attorney in that state, they do not oversee or manage any pre-litigation negotiations or other legal work for any clients in their state.

54.     The "In-State attorneys" do not know the identity of the Facade Firm clients unless and until they are called on to appear in court or to perform tasks to further the false appearance of legitimacy and are not permitted to assist clients of the Facade Firm unless the case is assigned or referred to them by the SFS Defendants.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

55.    The SFS Defendants recruit and employ Facade Firm staff in the guise of the Facade Firms.

56.    For example, SFS Defendant Kimberly Celic, currently Senior Vice President of SFS, was the Director of Human Resources (of related company, Strategic CS, LLC) in 2014:



57.    During that time, Ms. Celic hired an employee for Pioneer, using Pioneer letterhead:



### E. Springing the trap

#### *The sham face-to-face meeting*

58.     On or around July 14, 2018, a Financial Consultant employed by the SFS Defendants induced the Plaintiffs to enroll in a debt settlement program and recommended its "partner," Anchor, as the law firm through which the program would run.

59.     The Financial Consultant was Daniel Camacho:



60.     Daniel Camacho passed the telephone call to another SFS Defendants employee who recorded a compliance call in which the employee, using a script, held themselves out as being "with Anchor" and told the Plaintiffs that the call was in preparation for an attorney meeting and that someone would be coming to their home for a "consultation."

61.     The SFS Defendants set up the face-to-face meeting through Velsa and prepared the Anchor legal services contract inserting "Anchor" in the fields for the Facade Firm and Daniel Camacho's name as the "Law Firm Contact":

Law Firm Contact:

Daniel Camacho

62.     On July 14, 2018, a mobile notary, Wendy Lee Bursey, (as directed by Velsa) came to Plaintiffs' home with the contract and made a presentation which included a "Face to Face Script" and a "Face to Face Power Point Presentation" (or "In-Person Presentation").

63.     The Script and Presentation purposefully omit the provisions regarding arbitration and the class action waiver.

64.     The mobile notary, Wendy Bursey, also signed an unsworn "Affidavit of Compliance" in which she stated that she or "NPN Provider 5" (Velsa) was a representative of Anchor, and that she conducted a face-to-face meeting and presented all relevant information regarding "our" representation of the Plaintiffs:

### Affidavit of Compliance

I, _____NPN Provider5_____ as a representative affiliated with and under contract to the Anchor Law Firm, PLLC, in my role as a Representative, Member, Partner, Employee or Independent Contractor of said firm (Anchor), confirm that I have conducted a personal and face-to-face- meeting with _Daniel Hughes_____ (Client's Full Legal Name) to review the Client's file and present all relevant information regarding our representation of said Client, as it relates to our Letter of Engagement to legal representation, including debt

65.     Bursey represented that she verified "compliance with any and all applicable local, state or federal laws or regulations (collectively the 'Applicable Laws'). including. but not limited. to the Telemarketing and Consumer Fraud and Abuse Prevention Act."

66.     Bursey represented that "The Client has been advised that the <u>attorney or paralegal</u> who conducted the initial meeting with Client limits their scope of representation or presentation to that initial meeting and review or the Client's file." (emphasis added).

67.     Plaintiff Daniel Hughes signed the purported contract believing that the mobile notary was a paralegal of the law firm.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

68.     Plaintiff Monica Hughes signed the paperwork on July 18, 2018 by Adobe Sign emailed to her from a domain of the SFS Defendants (missingdocs@stratfs.com).  As pre-arranged by the Adobe Sign sender, the signed document was emailed to Daniel Camacho at another domain of the SFS Defendants (dcamacho@financesolutions.org).

69.     As is typical for Facade Firms, no one sent the Plaintiffs a copy of the contract executed by anyone at Anchor:



70.     Because the Plaintiffs never received a copy executed by Anchor, a condition precedent to the formation of the contract was never triggered:

> **1.7. Conditions of this Agreement's Effectiveness**
>
> a.  **This Agreement does not take effect, and Anchor has no obligation to provide any services, until both Client and Anchor have executed a copy of this Agreement and such copy is delivered to both Parties.**

71.     Plaintiffs agreed to the contract with the Facade Firm specifically because they thought they were hiring a bona fide law firm.

72.     The notary has no direct relationship with the Facade Firm and Wendy Lee Bursey disclaims that she is or was a representative of Anchor.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

73.     Several creditors enrolled in the SFS program brought suit against the Plaintiffs.[2]

74.     Although Plaintiffs advised Anchor about the suits, the Defendants did nothing to defend them.

75.     No attorney appeared for the Plaintiffs in the cases brought by creditors that Anchor had promised to defend.

76.     As a result, a judgment in the amount of $3,191.65 was entered against plaintiff Monica Hughes in one case;[3] a judgment in the amount of $16,893.96 was entered against Ms. Hughes in another;[4] and a default was entered against plaintiff Daniel Hughes in the third.[5]

**F.      The wrongful acts and misrepresentations of the Defendants.**

**1.  The SFS Defendants**

77.     The SFS Defendants (together with the Facade Firm Defendants) created and manage a syndicate of referral attorneys which they market as approximately thirty different law firms for the purpose of evading federal and state laws and fraudulent inducing consumers to pay for a debt settlement program under the guise that it is a legal service.

78.     Recreating the Legal Helpers scheme that was discredited and shut down by state Attorneys General and Bar organizations.

---

[2] *Department Stores National Bank v. Hughes, Monica*, Docket No. UWY-CV-19-6050898-S; *Discover Bank v. Monica A. Hughes*, Docket No. UWY-CV196048463-S; and *Citibank, N.A. v. Hughes, Daniel, J.*, Docket No. UWY-CV-19-6049928-S.

[3] *Department Stores National Bank v. Hughes, Monica*, Docket No. UWY-CV-19-6050898-S.

[4] *Discover Bank v. Monica A. Hughes*, Docket No. UWY-CV196048463-S.

[5] *Citibank, N.A. v. Hughes, Daniel, J.*, Docket No. UWY-CV-19-6049928-S.



79. The SFS Defendants continued to hold themselves out to consumers, including the Plaintiffs, as a bona fide law firm or affiliated or associated with a law firm where the law firm is merely a network of attorneys participating in the sham. Its acts of misrepresentation include, but are not limited to:

a) Allowing, instructing, and training Daniel Camacho to engage in scripted bait-and-switch and high-pressure sales tactics, to misrepresent the features and benefits of the debt settlement program and his employer's relationship to Anchor, to misrepresent the qualities of Anchor, to recommend Anchor, to withhold information about the legal services contract (such as arbitration clauses and class action waivers), to misrepresent that he is associated with Anchor by placing his name as a "Law Firm Contact," to evade questions about whether bankruptcy was a better alternative.

b) Constructing the legal services contract in the name of the Facade Firm and inserting the name of the SFS Defendant's employee who closed the agreement with the consumer as the "Law Firm Contact."

c) Allowing, instructing and training employees to misrepresent to consumers, including the Plaintiffs, during a recorded compliance call that the employees are "with Anchor" and that the consumers, including the Plaintiffs will be receiving a "consultation" from an attorney or paralegal at a face-to-face meeting.

d) Arranging for the face-to-face meeting with a mobile notary—someone with scant knowledge, if any, of the contract or services in the contract—to show or

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

read a presentation and witness the signing process when such a face-to-face meeting is expressly disapproved by the Federal Trade Commission as a sham.

e) Misrepresenting in their advertising, marketing and promotional materials, as well as in contracts with consumers, that an Anchor attorney, licensed in their state, will be overseeing the debt settlement process and appearing in any litigation filed against the purchasers of its debt settlement services.

f) Communicating with the enrolled consumers, including the Plaintiffs, with emails, brochures and letters that contain headers, logos, addresses, domain names and other indicia making them appear to be communications from Anchor.

g) Having their employees identify themselves on calls as being employees or otherwise associated with Anchor.

h) Recording only those calls that are scripted to comply with federal and state laws and regulations (not those in which consumers, including the Plaintiffs are fraudulently induced to act on the misrepresentations).

i) Advising consumers, including the Plaintiffs, to breach contracts with creditors (discontinue paying them) because it "would harm our argument that you are unable to pay what is owed and damages our ability to negotiate the best resolution on your account."

j) Engaging in the unlicensed practice of law by providing legal advice to consumers, including the Plaintiffs, and negotiating settlements in litigated cases without supervision by an attorney or an attorney licensed in the Plaintiffs' state.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

k) Having consumers, including the Plaintiffs confer upon them the status of "attorney-at-law" by way of a Power of Attorney.

l) Hiring staff for the Facade Firms to work in the New York offices of the SFS Defendants and doing so under the guise of the Facade Entity itself.

m) Permitting misrepresentations in Facade Firm marketing on websites and other lead generation communications, including those of the Facade Entity. Such misrepresentations include, but are not limited to:

    i. That Anchor was known by the name Law Offices of Stacy Robinson, PLLC—a name that is neither an entity nor a registered tradename.

    ii. That the settlement letters displayed there are exemplary of Facade Firm work when, in fact, they are representative of the work of other entities.

    iii. That Anchor is accredited by the Better Business Bureau with an A+ rating.

    iv. That Anchor's purported law practice is not primarily or exclusively debt settlement.

n) Misleading consumers, including the Plaintiffs, regarding the function of the dedicated account.

o) Defrauding consumers, including the Plaintiffs, out of the protections afforded by federal and state laws, including but not limited to the TSR.

p) The corporate SFS Defendants are liable for the intentional torts and negligence of their members and employees.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

### 2. The Facade Firm Defendants

80.     The Facade Firm Defendants assist the SFS Enterprise by creating, managing and maintaining the Facade Firms so that the SFS Defendants may hold themselves out as a law firm entitled to the exceptions from certain federal and state laws, including but not limited to the TSR and entitled to the trustworthiness and legitimacy of a bona fide law firm.

81.     Permitting the SFS Defendants to engage in the above-listed misrepresentations on their behalf.

82.     The Facade Firm Defendants engage in the unlicensed practice of law by assisting the SFS Defendants to perform tasks that the law reserves for licensed attorneys.

83.     Failing to comply with rules of professional conduct regarding explaining the legal services contract to clients and specifically hiding the arbitration and class action provisions from consumers, including the Plaintiffs.

84.     Failing to maintain a trust account in the states in which they purportedly practice, including a trust account for the Plaintiffs in Connecticut.

85.     Failing to account for costs allegedly paid on behalf of consumers, including the Plaintiffs.

86.     Paying for "recommendations" from third party lead generation providers.

87.     Impermissibly sharing fees with a non-attorney.

88.     Improperly advising the Plaintiff to discontinue paying her creditors which: 1) exposed the Plaintiff to additional fees, debt, lawsuits, and damage to her creditworthiness; and 2) constituted an interference with contract that diverted money from Plaintiff's creditors to Defendants.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

89.     Charging illegal, prohibited or clearly excessive fees and costs in violation of Rule 1.5 of the Connecticut Rules of Professional Conduct.

90.     Setting up a conflict of interest with the client wherein the client's money set aside for settlement of enrolled debt is also used to pay the attorneys' fees, such that the attorney has the incentive to negotiate payouts over time rather than lump sum payments so the attorneys' fee may be collected immediately.

91.     Anchor is liable for the intentional torts and negligence of its members and "employees."

**3.  Montanile**

**(in addition to those listed above for SFS Defendants generally)**

92.     By posing as bona fide member or attorney of seventeen Facade Firms, including the Facade Entity, Montanile engaged in, and assisted the SFS Enterprise with their subterfuge to conceal that the Facade Entity is not a bona fide law firm, that no properly licensed attorneys were actually providing legal services, and that SFS Defendants' staff were practicing law without a license.

93.     Knowingly permitting the misrepresentations of the SFS Defendants and Facade Firm Defendants listed above to her clients in contravention of her professional responsibilities.

94.     Failing to advise consumers, including the Plaintiffs, that they could get the same services cheaper through a different Facade Firm.

95.     Simultaneously working as an in-house attorney for the SFS Defendants and an attorney for seventeen Facade Firms, all of which use the services of the SFS Defendants.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

### 4. Daniel Camacho

#### (in addition to those listed above for Facade Firm Defendants)

96.     As the SFS Defendant who fraudulently induced the Plaintiff to pay fees to a non-lawyer entity, Daniel Camacho knowingly assisted the SFS Enterprise in its scheme.

97.     Daniel Camacho knowingly permitted the SFS Enterprise to use his name as a "Law Firm Contact" on contracts with consumers when he was not associated with a bona fide law firm.

### 5. Jason Blust, Thomas Rogus, and Timothy Burnette

#### (in addition to those listed above for Facade Firm Defendants)

98.     Blust, Rogus, and Burnette knowingly created and maintained the Facade Firm portfolio or "programs," including the shell entity Anchor, for the specific purpose of assisting the SFS Defendants in the SFS Enterprise's fraudulent scheme of inducing consumers, including the Plaintiffs, into the payment of fees to an entity they believed was a bona fide law firm.

### 6. Robin Lasky

#### (in addition to those listed above for Facade Firm Defendants)

99.     By posing as a bona fide member or attorney of a majority of the approximately thirty Facade Firms, including the Facade Entity, Lasky engaged in, and assisted the SFS Enterprise with their subterfuge to conceal that the Facade Entity is not a bona fide law firm, that no properly licensed attorneys were actually providing legal services, and that SFS Defendants' staff were practicing law without a license.

100.     Misrepresenting that his relationship to Anchor is a bona fide membership rather than a referral relationship.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

101.    Knowingly permitting the misrepresentations of the SFS Defendants and Facade Firm Defendants listed above to his clients, including the Plaintiffs, in contravention of his professional responsibilities.

102.    Failing to advise consumers, including the Plaintiffs, that they could get the same services cheaper through a different Facade Firm.

**7.  The Notary Services Defendant**

103.    The Notary Services Defendant Velsa markets what it calls "Debt Settlement Signing Services" to provide "compliant Face-To-Face meetings."

104.    The Notary Services Defendant Velsa actually boasts "high client enrollment percentages" because it has "trained representatives" many of whom "are also paralegals or have other legal backgrounds" which enables them to review the important details of the program and enrollment process with the soon-to-be client.

105.     Despite the obligation of notaries to play a neutral role and to refrain from influencing any party from participating in or eschewing a transaction requiring a notarial act, the Notary Services Defendant Velsa touts that their notaries have the training and legal background to persuade customers to enroll and, in addition, carry off the deception that they are paralegals with actual law firms.

106.    The Notary Services Defendant Velsa knowingly contracts with the SFS Defendants in the guise of the Facade Firms for the express purpose of providing mobile notaries to pose as representatives of a law firm for a face-to-face meeting.

107.    The Notary Services Defendant knows that the Federal Trade Commission disapproves of this use of their network of mobile notaries for a purported face-to-face meeting under the TSR.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

108.    The Notary Services Defendant knowingly provides its  contracted notaries with documentation to complete (such as the Affidavit of Compliance) that: 1) fraudulently represent that the notary is a representative of a law firm; and 2) fraudulently claim that the notary has, and is capable of, determining compliance with the TSR.

109.    The Notary Services Defendant knowingly provides its contracted notaries with, and instruct them not to deviate, from scripts and presentations that provide legal advice and that omit important terms of the contract, such as the arbitration clause and class actions waiver.

110.    The Notary Services Defendant knowingly assigns its contracted notaries to jobs that contain an inherent conflict, insofar as the notary must sign the contract as a representative of one of the parties to the contract while also attesting to the consumers' signatures as an independent, disinterested quasi-governmental official.

111.    The Notary Services Defendant guides the notaries through the entire signing process, providing instructions for what to do and say at the signing, requiring the notary to call if there are any problems or questions and relaying such calls to the SFS Defendants.

112.    The Notary Services Defendant is responsible for the misrepresentations and breach of fiduciary duties of its agent, the Notary Defendant.

## 8.  The Notary Defendant

113.    The Notary Defendant executed an Affidavit of Compliance, falsely representing that: 1) she was a representative of Anchor; 2) she determined there was full compliance with applicable laws, including but not limited to the TSR; and 3) she reviewed certain subjects with respect to a purported legal services contract with the Plaintiffs.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

114.     The Notary Defendant knowingly notarized the Plaintiffs' acknowledgment of the Power of Attorney which gives the purported law firm (of which the notaries claim to be representatives) the authority to act as…an attorney-at-law [sic].

115.     The Notary Defendant knowingly took an acknowledgment in one section of the contract to the "law firm" while signing as a representative of the "law firm" in another which section contravenes notarial standards.

116.     The Notary Defendant knowingly failed to refuse to notarize documents if "the notary knows or has a reasonable belief that the notarial act or the associated transaction is unlawful."

## G.     Damages

117.     As a result of the wrongful acts and misrepresentations detailed above, the Plaintiffs suffered damages because of the fraudulent and deceptive practices of the SFS Enterprise, including, but not limited to:

a)   paying fees in excess of legal limits and otherwise in violation of applicable state and federal law for their debt settlement program;

b)   making monthly payments that were consumed by the impermissible advance fees during the first several months of the program and were substantially consumed by such fees throughout the remainder of their participation in the program;

c)   being subjected to lawsuits and judgments from creditors which Plaintiffs enrolled in the program and stopped paying at the direction of the SFS Enterprise;

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

d) incurring in the past and in the future, substantial legal fees in the defense or settlement of lawsuits by creditors brought about by their enrollment in the SFS Enterprise's debt settlement programs;

e) paying fees for services that were never performed and were never intended to be performed and were unable to get refunds for those fees;

f) suffering continuing harm to their credit and creditworthiness making it difficult or impossible to obtain loans or to find reasonable interest rates;

g) incurring in the past and in the future additional interest, late fees and other penalties resulting from the nonpayment of creditors at the SFS Enterprise's direction; and

h) as a result of the litigation with creditors, and creditworthiness damage, suffering extreme emotional distress, physical stress and anxiety.

## H. Conspiracy and RICO Allegations

### *Criminal Conduct and Statutory Violations underlying RICO claims*

118. Interstate transportation of stolen property (18 U.S.C. § 2314);

119. Mail fraud (18 U.S.C. § 1341);

120. Wire fraud (18 U.S.C. § 1343);

121. Bank fraud (18 U.S.C. § 1344);

### *The Rico Enterprise and Scheme*

122. At all relevant times Defendants were members and associates of a fraudulent debt settlement enterprise, whose members and associates engaged in fraudulent and deceptive practices designed to enroll consumers in useless "debt settlement" plans and extract unearned fees from them ("SFS Scheme").

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

123. The activities of the SFS Enterprise affected and continues to affect interstate commerce.

124. In order to increase their revenue and profits, members of the SFS Enterprise need to enroll a continuous stream of customers into their debt relief programs. The SFS Enterprise provides that stream by fraudulently inducing consumers to enter into purported legal services contracts through which members of the SFS Enterprise extracted illegal fees directly from consumers' bank accounts.

125. The members of the SFS Enterprise share the common purpose of achieving the enterprise's objectives, namely the enrichment of the Defendants through luring consumers into useless debt settlement plans and extracting unearned fees from them. Each of the members of the SFS Enterprise was rewarded financially based on its abilities to perform its role as a member of the SFS Enterprise.

### Conduct of the RICO enterprise's affairs

126. The SFS Enterprise members have conducted or participated in the conduct of the affairs of the SFS Enterprise, directly or indirectly, by making false statements and promises in an attempt to encourage consumers to sign up for debt settlement programs through the SFS Enterprise, and by extracting and processing payments knowing that the underlying contracts provided for illegal fees and that consumers had signed those contracts based on the fraudulent and deceptive activities of the Enterprise's Facade Firms.

Ice Legal Co.
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

127.    Defendants conducted and participated in the affairs of the above-referenced SFS Enterprise through a pattern of racketeering activity, including acts that are indictable under the above-mentioned statutes.

128.    The pattern of racketeering likely involved thousands of separate instances of use of the U.S. mail or interstate wire facilities in furtherance of the SFS Scheme, as well as many instances involving the interstate transmission of potentially millions of dollars in fraudulently obtained fees, which were withdrawn from accounts under the custody and control of financial institutions.

129.    Each of these instances constituted a "racketeering activity" and collectively, these violations constituted a "pattern of racketeering activity," in which the SFS Enterprise intended to defraud consumers, including the Plaintiffs.

130.    The Defendants' racketeering activities amounted to a common course of conduct, with similar pattern and purpose, intended to defraud consumers. Each separate instance of racketeering employed by the SFS Enterprise was related, had similar intended purposes, involved similar participants and methods of execution, and had the same injurious results affecting the same victims, including Plaintiffs.

131.    The Defendants engaged in the pattern of racketeering activity for the purpose of conducting the ongoing business affairs of the SFS Enterprise. The object of this conspiracy was to conduct or participate in, directly or indirectly, the conduct of the affairs described previously through a pattern of racketeering activity.

132.    Each of the SFS Enterprise members conspired with the others in order to further and perfect the financial goals of the SFS Enterprise.

133.     The SFS Scheme was constructed with overt written and oral agreements between the SFS Enterprise members to further the goals of the SFS Enterprise and to engage in the pattern of racketeering activity alleged herein. The nature of the acts, material misrepresentations, and omissions in furtherance of the conspiracy gives rise to an inference that SFS Enterprise members not only agreed to an illegal objective, but they were aware that their ongoing fraudulent acts were part of an overall pattern of racketeering activity.

134.     As a direct and proximate result of the SFS Enterprise members' overt acts and predicate acts by conspiring to violate the law, Plaintiffs and consumers have been, and continue to be, injured in their business or property.

135.     The members of the SFS Enterprise have engaged in the commission of, and continue to commit, overt acts, including the unlawful racketeering predicate acts mentioned above.

### The SFS Enterprise's use of the U.S. mail and interstate wire facilities in violation of 18 U.S.C. §§ 1341 & 1343

136.     The illegal conduct and wrongful practices of the SFS Enterprise were carried out by an array of agents and members of the SFS Enterprise, working across state boundaries, who necessarily relied upon frequent transfers of documents, information, products, and funds by the U.S. mail and interstate wire facilities.

137.     The nature and pervasiveness of the SFS Scheme, which was orchestrated primarily out of the offices of the SFS Defendants and the Facade Firm Defendants, necessarily required those offices to communicate directly and frequently with each other and with consumers by the U.S. mail and by interstate wire facilities.

138.    Indeed, SFS Enterprise's business model and the ensnarement of consumers in the SFS Scheme were predicated upon, and rely on, use of the interstate wire and postal facilities.

139.    SFS Defendant's initial verbal contact with consumers was through interstate telephone calls and/or interstate mail.

140.    The SFS Enterprise members transmitted the legal services agreements to mobile notaries across state lines and over the Internet.

141.    The SFS Enterprise also transmitted the legal services agreements, including portions thereof directly to consumers over the Internet for them to sign or print on their home computers or sometimes sent them directly to consumers through the U.S. mail system.  The SFS Enterprise sent the Welcome Packet directly to consumers though the U.S. mail system.

### *The SFS Enterprise's interstate transportation of stolen property in violation of 18 U.S.C. § 2314*

142.    The SFS Enterprise developed the SFS Scheme, described in the above paragraphs of this Complaint, to obtain money from consumers by fraudulent means.

143.    In furtherance of this SFS Scheme, SFS transmitted consumers' monthly payments and fees, in amounts exceeding $5,000, in interstate commerce. SFS did so despite knowing that the authorization for those payments and fees were obtained by fraud.

### *The SFS Enterprise's commission of bank fraud under 18 U.S.C. § 1344*

144.    The SFS Enterprise knowingly executed the SFS Scheme to obtain money, by means of fraudulent pretenses, representations, and promises, from consumers' bank accounts, which were under the custody and control of federally chartered or insured financial institutions.

Ice Legal Co.
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

145. Specifically, as described above, the SFS Enterprise obtained by fraudulent means the authorization of the Plaintiffs to withdraw money from their bank account under the custody and control of federally chartered and insured financial institutions.

146. On information and belief, the same process involving fraud in obtaining authorization to withdraw money from consumers' federally chartered or insured bank accounts was repeated in a continuing and ongoing pattern with the ensnarement of each additional consumer victim.

147. The SFS Enterprise also violated 18 U.S.C. § 1344 by fraudulently obtaining authorization to withdraw money from the Plaintiffs' dedicated account and held in an FDIC insured financial institution.

### *Other predicate acts*

148. As alleged above, the SFS Enterprise has victimized other consumers in the same way as they victimized the Plaintiffs. Other such consumers include, but are not limited to:

a) Sharyn Pinkos who, on December 7, 2017, was also induced to enroll in the SFS Enterprise debt settlement scheme by a Financial Consultant employed by the SFS Defendants and a notary posing as a representative Anchor.

b) Sheila Walters who, on October 5, 2018, was also induced to enroll in the SFS Enterprise debt settlement scheme by a Financial Consultant employed by the SFS Defendants and a notary sent by Velsa to pose as a representative of another Facade Firm, Wyolaw, created and maintained by the same SFS Enterprise.

c) David Crook, who on December 27, 2017, was also induced to enroll in the SFS Enterprise debt settlement scheme by the same Financial Consultant,

Ice Legal Co.
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

Daniel Camacho, employed by the SFS Defendants and a notary posing as a representative of Anchor.

### *Damages caused by the SFS Schemes*

149. SFS Enterprise's violations of federal and state law and its pattern of racketeering activity have directly and proximately caused Plaintiffs to be injured as alleged above in the Damages section.

150. Damages section.

### *Section 1962(d) allegations*

151. Section 1962(d) of RICO provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

152. The SFS Enterprise members violated § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). The object of this conspiracy was to conduct or participate in, directly or indirectly, the conduct of the affairs described previously through a pattern of racketeering activity.

153. Each of the SFS Enterprise members conspired with the others in order to further and perfect the financial goals of the SFS Enterprise.

154.

155. The SFS Scheme was constructed with overt written and oral agreements between the SFS Enterprise members to further the goals of the SFS Enterprise and to engage in the pattern of racketeering activity alleged herein. The nature of the acts, material misrepresentations, and omissions in furtherance of the conspiracy gives rise to an inference that SFS and its affiliates not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violate

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

18 U.S.C. § 1962(c), but they were aware that their ongoing fraudulent acts were part of an overall pattern of racketeering activity.

156.     As a direct and proximate result of the SFS Enterprise members' overt acts and predicate acts in furtherance of violating 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c), Plaintiff and other consumers have been, and continue to be, injured in their business or property.

## FIRST  COUNT:
## FRAUD, DECEIT AND INTENTIONAL MISREPRESENTATION
### (All Defendants)

1-156. The Plaintiffs reallege and incorporate by reference paragraphs 1-156 of the Complaint as if fully set forth herein as paragraphs 1-156 of this Count.

157.     One who represents as true that which is false with the intent to deceive the person to whom the representation is made is liable to that person if he/she, believing the representation to be true (acts, refrains from acting) in justifiable reliance upon it and suffers damage as a result. The specific elements of fraud/deceit are: 1) that a false representation was made as a statement of fact; 2) that it was untrue and known to be untrue by the party making it; 3) that it was made to induce the other party to act on it; and 4) that the latter did so act on it to his injury. *Miller v. Appleby*, 183 Conn. 51, 54–55, 438 A.2d 811, 813 (1981)

158.     As detailed above, the members of the SFS Enterprise, by and through their agents, knowingly made false representations to the Plaintiffs as a statement of fact that were untrue and known to be untrue.

159.     These misrepresentations by all Defendants were made intentionally for the purpose of inducing the Plaintiffs to act or to refrain from action in reliance upon it.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

160.    The Plaintiffs did act in reliance upon the misrepresentations by sending the Defendants money and refraining from action by discontinuing payments to their creditors which damaged the Plaintiffs' credit and resulted in unnecessary collections efforts by creditors.

161.    The Plaintiffs suffered financial and emotional harm as a result.

162.    The injury, loss, or harm suffered by the Plaintiffs was the result of the Defendants' acts or omissions that were: 1) reckless indifference to Plaintiffs' rights; or 2) an intentional and wanton violation of those rights:

> Recklessness is a state of consciousness with reference to the consequences of one's acts.... It is more than negligence, more than gross negligence.... The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.... Wanton misconduct is reckless misconduct.... It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.... Whether the defendant acted recklessly is a question of fact subject to the clearly erroneous standard of review.

*Wagner v. Our Lady of Mount Caritas, O.S.B., Inc.*, 157 Conn. App. 788, 802, 118 A.3d 103, 111 (2015).

163.    There was a substantial likelihood, at the relevant time, that serious harm would arise from the Defendants' conduct.

164.    The Defendants were aware of or recklessly disregarded the likelihood that such serious harm would arise from their conduct.

165.    The Defendants showed callous indifference upon learning that their conduct was likely or actually causing harm.

166.    Additionally, the duration of the Defendants' conduct and concealment of that conduct has spanned years.

**WHEREFORE**, the Plaintiffs demand the recovery of compensatory damages along with punitive damages from the Defendants and all such other relief as may be granted by the court.

Ice Legal Co.
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

## SECOND COUNT:
## CONSPIRACY TO COMMIT FRAUD
### (All Defendants)

1-166 The Plaintiffs reallege and incorporate by reference paragraphs 1-166 of the Complaint as if fully set forth herein as paragraphs 1-166 of this Count.

167.    A civil conspiracy is compensable where there 1) a combination between two or more persons; 2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means; 3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, 4) which act results in damage to the plaintiff. *Am. Diamond Exch., Inc. v. Alpert*, 101 Conn. App. 83, 99–100, 920 A.2d 357, 368 (2007).

168.    The Defendants conspired to the fraud detailed above by agreeing to the Facade Firm scheme, by taking the overt acts of fraudulently inducing the Plaintiffs to allow Defendants to take their money.

169.    The Plaintiffs suffered damages as a proximate cause of the jointly committed fraudulent acts.

**WHEREFORE**, the Plaintiffs demand the recovery of compensatory damages along with punitive damages from the Defendants and all such other relief as may be granted by the Court.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

# THIRD COUNT:
# CIVIL RIGHT OF ACTION FOR VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")
## 18 U.S.C. § 1962(c) and(d)
### (All Defendants)

1-169 The Plaintiffs reallege and incorporate by reference paragraphs 1-169 of the Complaint as if fully set forth herein as paragraphs 1-169 of this Count.

170.    As alleged above in the Conspiracy and RICO allegations section, at all relevant times Defendants were members and associates of a fraudulent debt settlement enterprise, whose members and associates engaged, by overt agreement, in an ongoing and continuing pattern of racketeering activity consisting of fraudulent and deceptive practices designed to enroll consumers in useless "debt settlement" plans and extract unearned fees from them in violation of 18 U.S.C. §§ 2314; 1341,1343, and 1344 and other federal and state laws.

171.    The Defendants conspired to commit the pattern of racketeering activity.

172.    The SFS Enterprise caused damages to the Plaintiffs as alleged above in the Damages section.

173.    This count is brought under 18 U.S.C. § 1964(c) which provides that any person injured by violation of §1962 may sue and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

174.    State courts have concurrent jurisdiction over RICO claims. *Tafflin v. Levitt*, 493 U.S. 455 (1990).

**WHEREFORE**, the Plaintiffs demand the recovery of compensatory damages, plus treble damages and attorneys' fees jointly and individually from Defendants and all such other relief as may be granted by the court.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

# FOURTH COUNT:
## PRIVATE RIGHT OF ACTION FOR VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
### Conn. Gen. Stat. § 42-110a, et seq.
### (All Defendants)

1-174. The Plaintiffs reallege and incorporate by reference paragraphs 1-174 of the Complaint as if fully set forth herein as paragraphs 1-174 of this Count.

175.     The Defendants in the operation of the unlawful SFS Scheme, and their individual actions as part thereof, have engaged in unconscionable commercial practices and fraudulent activity, made false promises and misrepresentations and knowingly omitted facts as described above in violation of the Connecticut Unfair Trade Practices Act ("CUTPA") which include, but are not limited to, those acts set forth above, which have damaged the Plaintiffs.

176.     The Defendants are liable under the CUTPA because: 1) the Defendants' engaged in unfair or deceptive acts or practices in the conduct of its trade or commerce; and 2) the Plaintiffs suffered an ascertainable loss. *Ulbrich v. Growth*, 310 Conn. 375, 410, 78 A.3d 76, 100 (2013).

177.     In determining whether a practice violates CUTPA, courts look to see: 1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; 2) whether it is immoral, unethical, oppressive, or unscrupulous; 3) whether it causes substantial injury to consumers, competitors, or other businesspersons.  All three criteria do not need to be satisfied to support a finding of unfairness. *Landmark Inv. Grp., LLC v. CALCO Const. & Dev. Co.*, 318 Conn. 847, 880–81, 124 A.3d 847, 867 (2015)

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

178.  Conn. Gen. Stat. § 42-110g provides a private right of action for any person injured by a practice that is unlawful under the NJCFA.  The court may award actual damages, plus punitive damages, attorneys' fees and costs. Conn. Gen. Stat. § 42-110g(a), (d).

**WHEREFORE**, the Plaintiffs demand the recovery of compensatory damages, plus punitive damages and attorneys' fees jointly and individually from Defendants and all such other relief as may be granted by the court.

## FIFTH COUNT:
## LEGAL MALPRACTICE IN TORT
### (Anchor, Montanile, Blust, Rogus, Burnette, Robinson, Lasky)

1-178.  The Plaintiffs reallege and incorporate by reference paragraphs 1-178 of the Complaint as if fully set forth herein as paragraphs 1-178 of this Count.

179.  "Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . ." *Updike, Kelly & Spellacy, P.C. v. Beckett*, 269 Conn. 613, 649, 850 A.2d 145 (2004). The elements of legal malpractice are: "1) the existence of an attorney-client relationship; 2) the attorney's wrongful act or omission; 3) causation; and 4) damages." *Grimm v. Fox*, 303 Conn. 322, 329, 33 A.3d 205 (2012).

180.  As a result of their wrongful acts and misrepresentations, an attorney-client relationship existed between Plaintiffs and the Fifth-Count Defendants who provided inadequate or incomplete legal advice and supervision which was a substantial factor in bringing about the harm that occurred and that some harm to the Plaintiffs was foreseeable from the Fifth-Count Defendants' negligence.

*Ice Legal Co.*
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

181.    Inadequate supervision includes, but is not limited to: 1) supervision of misrepresentations of lead generators designed to induce the Plaintiffs into thinking they paying a bona fide law firm; 2) supervision of representations made at, or with respect to, the face-to-face meeting with a mobile notary; 3) supervision of decisions regarding the defense of creditor lawsuits; 4) supervision of advertising, marketing and promotional materials that mislead consumers, including the Plaintiffs; and 5) supervision of non-litigation settlements.

182.    The Fifth-Count Defendants also breached their duty by committing the wrongful acts listed in the section entitled "The wrongful acts and misrepresentations of the Defendants."

183.    The breach of these duties was the proximate causes of the Plaintiffs' damages described above.

**WHEREFORE**, the Plaintiffs demand the recovery of compensatory damages along with punitive damages from the Fifth-Count Defendants and all such other relief as may be granted by the court.

## SIXTH COUNT:
## IMPLIED PRIVATE RIGHT OF ACTION FOR VIOLATION OF THE CONNECTICUT UNAUTHORIZED PRACTICE OF LAW STATUTE
### (SFS Defendants, Notary Services Defendant and Notary Defendant)

1-183.    The Plaintiffs reallege and incorporate by reference paragraphs 1-183 of the Complaint as if fully set forth herein as paragraphs 1-183 of this Count.

184.    The Sixth-Count Defendants held themselves out as licensed attorneys capable of representing Connecticut residents like the Plaintiffs, both in debt settlement negotiation and litigation.

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

185. Conn. Gen. Stat § 51-88 provides, in pertinent part, that no person may practice law in Connecticut unless that person has been admitted as an attorney under the provisions of section 51-80.

186. An implied right of action exists if the balance of the following three factors weighs in the plaintiff's favor: 1) plaintiff is a person for whose benefit the statute is created; 2) there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; and 3) whether consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff. *Wilson v. Jefferson*, 908 A. 2d 13, 20-21 (2006). Moreover, "stronger evidence in favor of one factor may form the lens…through which we determine whether the [plaintiff] satisf[ies] the other factors." *Provencher v. Town of Enfield*, 284 Conn. 772, 779,936 A.2d 625, 629–30 (2007).

187. All three factors clearly weigh in the Plaintiffs' favor. Both plaintiffs are plainly a person for whose benefit the Connecticut authorized practice of law statute was created for and it is therefore consistent with the purpose of the statutory scheme to imply a remedy for the Plaintiffs.

188. Moreover, there is either an explicit or implicit indication in the legislative intent to create such a remedy because Conn. Gen. Stat § 51-88(c) is clear that "the Superior Court shall have jurisdiction in equity upon the petition of any member of the bar of this state in good standing or upon its own motion to restrain such violation." The only way a member of good standing of the Connecticut Bar such as the Plaintiffs' counsel can "petition" for the Superior Court to "restrain such violation" is by doing what the Plaintiffs request, in part, here—an order enjoining the offender from further unauthorized practice of law.

**WHEREFORE**, the Plaintiffs demand the recovery of compensatory damages along with punitive damages from the Sixth-Count Defendants, an order enjoining the Sixth-Count

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

Defendants from further unauthorized practice of law, and all such other relief as may be granted by the court.

## DEMAND FOR JURY TRIAL

189.    The Plaintiffs demand a trial by jury of all claims so triable by right.

## DEMAND FOR RELIEF

190.    The Plaintiffs demand the recovery of compensatory damages along with punitive damages, treble damages, attorney's fees, and costs.  The amount in demand is fifteen thousand dollars or more, exclusive of interest and costs.

## NOTICE OF ACTION
## TO ATTORNEY GENERAL AND COMMISSIONER OF CONSUMER PROTECTION

191.    A copy of this complaint will be mailed to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection upon commencement of the action pursuant to Conn. Gen. Stat. § 42-110g(c).

**Ice Legal Co.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

Dated: March 11, 2020

ICE LEGAL CO.
Attorney for Plaintiffs
20 Portsmouth Ave. Suite 1, No. 225
Stratham, NH 03885
(603) 242-1503

By: _____

ARIANE ICE
Connecticut Juris No. 440836

By: _____

THOMAS ERSKINE ICE
Connecticut Juris No. 440938

Ice Legal Co.
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

# CIVIL SUMMONS
## CONTINUATION OF PARTIES
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
## SUPERIOR COURT

First named Plaintiff  *(Last, First, Middle Initial)*
**Hughes, Monica**

First named Defendant  *(Last, First, Middle Initial)*
**Strategic Financial Solutions, LLC**

## Additional Plaintiffs

| Name  *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name  *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Sasson, Ryan** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 05 |
| **Celic, Kimberly** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 06 |
| **Montanile, Lauren** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 07 |
| **Camacho, Daniel** | **711 Third Avenue, 6th Floor, New York, NY 10017** | 08 |
| **Anchor Law Firm, PLLC** | **609 SW 8th St. Ste. 600, Bentonville, AR 72712** | 09 |
| **Blust, Jason** | **211 W. Wacker Dr. Suite 300, Chicago, IL 60606** | 10 |
| **Rogus, Thomas** | **211 W. Wacker Dr. Suite 300, Chicago, IL 60606** | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

FOR COURT USE ONLY - *File Date*

Docket number

**CIVIL SUMMONS-Continuation**

First named Plaintiff *(Last, First, Middle Initial)*
**Hughes, Monica**

First named Defendant *(Last, First, Middle Initial)*
**Strategic Financial Solutions, LLC**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| Burnette, Timothy | 211 W. Wacker Dr. Suite 300, Chicago, IL 60606 | 05 |
| Robinson, Stacy | 609 SW 8th St. Ste. 600, Bentonville, AR 72712 | 06 |
| Lasky, Robin | 40 Westwood Rd, Branford, CT 06405 | 07 |
| Velsa Holdings, LLC | 5550 Painted Mirage Road, Suite 320, Las Vegas, NV 89149 | 08 |
| Bursey, Wendy Lee | 839 Burlington Ave, Bristol, CT 06010 | 09 |
| | | 10 |
| | | 11 |

| | | 12 | *FOR COURT USE ONLY - File Date* |
|---|---|---|---|
| | | 13 | |
| | | 14 | Docket number |

# APPEARANCE

JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions —** *See Back/Page 2*

## Notice To Self-Represented Parties

*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

☐ I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.

| Return date |
| --- |
| **Apr-28-2020** |
| Docket number |
| **NNH-CV-20-6103506-S** |

### Name of case *(Full name of Plaintiff vs. Full name of Defendant)*

**HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al**

| ☒ Judicial District | ☐ Housing Session | ☐ Small Claims | ☐ Geographic Area number | Address of Court *(Number, street, town and zip code)* |
| --- | --- | --- | --- | --- |
| | | | | **235 CHURCH STREET NEW HAVEN, CT 06510** |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
| --- | --- |
| **WOOD SMITH HENNING & BERMAN** | **437620** |

| **Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
| --- | --- | --- |
| **40 RICHARDS AVENUE 3RD FLOOR** | | **9143533809** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
| --- | --- | --- | --- | --- |
| **NORWALK** | **CT** | **06854** | | **mwilcox@wshblaw.com** |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

☐ The Plaintiff *(includes the person suing another person).*
☐ All Plaintiffs.
☐ The following Plaintiff(s) only:
☐ The Defendant *(includes the person being sued or charged with a crime).*
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
☐ All Defendants.
☒ The following Defendant(s) only: **Pty# D-16 WENDY LEE BURSEY**
☐ Other *(Specify):*
☐ This is a Family Matters case and my appearance is for: *("x" one or both)*
    ☐ matters in the Family Division of the Superior Court     ☐ Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):*
                                                              *(Name and Juris Number)*

2. ☐ This appearance is in addition to an appearance already on file.

| **I agree to accept papers (service) electronically in this case under Practice Book Section 10-13** | ☒ Yes | ☐ No |
| --- | --- | --- |

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
| --- | --- | --- |
| ▶ **439235** | **MOLLY MARY WILCOX** | **Apr 30 2020** |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Apr 30 2020** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

**ARIANE ICE - 6586 HYPOLUXO RD/SUITE 350/LAKE WORTH, FL 33467**

For Court Use Only

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
| --- | --- | --- | --- |
| ▶ **439235** | **MOLLY MARY WILCOX** | **Apr 30 2020** | **9143533809** |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.

# APPEARANCE

JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

## STATE OF CONNECTICUT
## SUPERIOR COURT
*www.jud.ct.gov*

**Instructions —** *See Back/Page 2*

### Notice To Self-Represented Parties

*A self-represented party is a person who represents himself or herself.* If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:

[ ] I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.

| Return date |
| --- |
| **Apr-28-2020** |

| Docket number |
| --- |
| **NNH-CV-20-6103506-S** |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

**HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al**

| [x] Judicial District | [ ] Housing Session | [ ] Small Claims | [ ] Geographic Area number | Address of Court *(Number, street, town and zip code)* |
| --- | --- | --- | --- | --- |
| | | | | **235 CHURCH STREET NEW HAVEN, CT 06510** |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
| --- | --- |
| **FROST BUSSERT LLC** | **433115** |

| **Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
| --- | --- | --- |
| **350 ORANGE STREET SUITE 100** | | **203-495-9790** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
| --- | --- | --- | --- | --- |
| **NEW HAVEN** | **CT** | **06511** | **203-495-9795** | **rmf@frostbussert.com** |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

[ ] The Plaintiff *(includes the person suing another person).*
[ ] All Plaintiffs.
[ ] The following Plaintiff(s) only:
[ ] The Defendant *(includes the person being sued or charged with a crime).*
[ ] The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
[ ] All Defendants.
[x] The following Defendant(s) only: **Pty# D-06 KIMBERLY CELIC *See additional page**
[ ] Other *(Specify):*
[ ] This is a Family Matters case and my appearance is for: *("x" one or both)*

    [ ] matters in the Family Division of the Superior Court    [ ] Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. [ ] This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):*

                                      *(Name and Juris Number)*

2. [ ] This appearance is in addition to an appearance already on file.

| **I agree to accept papers (service) electronically in this case under Practice Book Section 10-13** | [x] Yes | [ ] No |
| --- | --- | --- |

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
| --- | --- | --- |
| ▶ **415741** | **ROBERT MATTHEW FROST JR** | **Jun 18 2020** |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Jun 18 2020** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

  **WOOD SMITH HENNING & BERMAN - mwilcox@wshblaw.com**
  **ARIANE ICE - ariane.ice@icelegal.com**

| For Court Use Only |
| --- |
| |

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
| --- | --- | --- | --- |
| ▶ **415741** | **ROBERT MATTHEW FROST JR** | **Jun 18 2020** | **203-495-9790** |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.

**For these party(ies)**

Pty# D-07 LAUREN MONTANILE

Pty# D-09 ANCHOR LAW FIRM, PLLC

Pty# D-10 JASON BLUST

Pty# D-11 THOMAS ROGUS

Pty# D-12 TIMOTHY BURNETTE

Pty# D-13 STACY ROBINSON

Pty# D-14 ROBIN LASKY

Pty# D-15 VELSA HOLDINGS, LLC

**\*\*\*\*\* End of Party List \*\*\*\*\***

# APPEARANCE

JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

STATE OF CONNECTICUT
## SUPERIOR COURT
*www.jud.ct.gov*

**Instructions —** *See Back/Page 2*

### Notice To Self-Represented Parties

*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

[ ] *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| | |
|---|---|
| Return date | **Apr-28-2020** |
| Docket number | **NNH-CV-20-6103506-S** |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

### HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al

| | | | | Address of Court *(Number, street, town and zip code)* |
|---|---|---|---|---|
| [x] Judicial District | [ ] Housing Session | [ ] Small Claims | [ ] Geographic Area number | **235 CHURCH STREET NEW HAVEN, CT 06510** |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
|---|---|
| **FROST BUSSERT LLC** | **433115** |

| **Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
|---|---|---|
| **350 ORANGE STREET SUITE 100** | | **203-495-9790** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
|---|---|---|---|---|
| **NEW HAVEN** | **CT** | **06511** | **203-495-9795** | **rmf@frostbussert.com** |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

[ ] The Plaintiff *(includes the person suing another person).*
[ ] All Plaintiffs.
[ ] The following Plaintiff(s) only:
[ ] The Defendant *(includes the person being sued or charged with a crime).*
[ ] The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
[ ] All Defendants.
[x] The following Defendant(s) only: Pty# D-01 STRATEGIC FINANCIAL SOLUTIONS, LLC; *See additional page
[ ] Other *(Specify):*
[ ] This is a Family Matters case and my appearance is for: *("x" one or both)*

    [ ] matters in the Family Division of the Superior Court    [ ] Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. [ ] This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):*

2. [ ] This appearance is in addition to an appearance already on file.

                                        *(Name and Juris Number)*

| **I agree to accept papers (service) electronically in this case under Practice Book Section 10-13** | [x] Yes | [ ] No |
|---|---|---|

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ 415741 | **ROBERT MATTHEW FROST JR** | **Jul 01 2020** |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Jul 01 2020** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

| **WOOD SMITH HENNING & BERMAN - mwilcox@wshblaw.com** **ARIANE ICE - ariane.ice@icelegal.com** | For Court Use Only |
|---|---|

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number |
|---|---|---|---|
| ▶ 415741 | **ROBERT MATTHEW FROST JR** | **Jul 01 2020** | **203-495-9790** |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.

**For these party(ies)**

Pty# D-02 F SOLUTIONS, LLC

Pty# D-03 STRATEGIC CLIENT SUPPORT, LLC;

Pty# D-04 ANCHOR CLIENT SERVICES, LLC

Pty# D-05 RYAN SASSON

**\*\*\*\*\* End of Party List \*\*\*\*\***

STATE OF CONNECTICUT:
                                    : ss: HARTFORD          APRIL 15, 2020
COUNTY OF HARTFORD   :

Then and by virtue hereof and by direction of the Attorney, I made due and legal service upon the within named defendant **STRATEGIC FINANCIAL SOLUTIONS, LLC**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **STRATEGIC FINANCIAL SOLUTIONS, LLC**, pursuant to Connecticut General Statute Sections 34-243r & 34-275a, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named defendant **F SOLUTIONS, LLC**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **F SOLUTIONS, LLC**, pursuant to Connecticut General Statute Sections 34-243r & 34-275a, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named defendant **STRATEGIC CLIENT SUPPORT, LLC**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **STRATEGIC CLIENT SUPPORT, LLC**, pursuant to Connecticut General Statute Sections 34-243r & 34-275a, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named defendant **ANCHOR CLIENT SERVICES, LLC**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **ANCHOR CLIENT SERVICES, LLC**, pursuant to Connecticut General Statute Sections 34-243r & 34-275a, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280867 · EAST HARTFORD, CONNECTICUT 06128-0867 · OFFICE: (860) 610-0295

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named non-resident defendant **LAUREN MONTANILE,** by leaving a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent to accept service for the within named non-resident defendant **LAUREN MONTANILE,** pursuant to Connecticut General Statute Section 52-59b, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And afterwards, on the 16TH day of APRIL, 2020, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7019 1120 0001 2507 5973, return receipt requested, a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with my doing thereon endorsed, addressed to the within named defendant:

> **LAUREN MONTANILE**
> **711 3RD AVE**
> **6TH FLOOR**
> **NEW YORK, NY 10017-4014**

SUPPLEMENTAL RETURN TO FOLLOW

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named non-resident defendant **DANIEL CAMACHO,** by leaving a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent to accept service for the within named non-resident defendant **DANIEL CAMACHO,** pursuant to Connecticut General Statute Section 52-59b, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And afterwards, on the 16TH day of APRIL, 2020, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7019 1120 0001 2507 5966, return receipt requested, a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with my doing thereon endorsed, addressed to the within named defendant:

> **DANIEL CAMACHO**
> **711 3RD AVE**
> **6TH FLOOR**
> **NEW YORK, NY 10017-4014**

SUPPLEMENTAL RETURN TO FOLLOW

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280867 · EAST HARTFORD, CONNECTICUT 06128-0867 · OFFICE: (860) 610-0295

State of Connecticut
County of Hartford
Department of Administrative Services

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named defendant **ANCHOR LAW FIRM, PLLC**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **ANCHOR LAW FIRM, PLLC**, pursuant to Connecticut General Statute Sections 34-243r, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named non-resident defendant **JASON BLUST,** by leaving a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent to accept service for the within named non-resident defendant **JASON BLUST**, pursuant to Connecticut General Statute Section 52-59b, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And afterwards, on the 16TH day of APRIL, 2020, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7019 1120 0001 2507 5959, return receipt requested, a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with my doing thereon endorsed, addressed to the within named defendant:

> **JASON BLUST**
> **211 W WACKER DRIVE**
> **SUITE 300**
> **CHICAGO, IL 60606**

SUPPLEMENTAL RETURN TO FOLLOW

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named non-resident defendant **THOMAS ROGUS,** by leaving a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent to accept service for the within named non-resident defendant **THOMAS ROGUS**, pursuant to Connecticut General Statute Section 52-59b, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And afterwards, on the 16TH day of APRIL, 2020, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7019 1120 0001 2507 5942, return receipt requested, a verified true and attested copy of the original WRIT,

State of Connecticut
County of Hartford
Department of Administrative Services

SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with my doing thereon endorsed, addressed to the within named defendant:

**THOMAS ROGUS**
**211 W WACKER DRIVE**
**SUITE 300**
**CHICAGO, IL 60606**

SUPPLEMENTAL RETURN TO FOLLOW

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named non-resident defendant **TIMOTHY BURNETTE,** by leaving a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent to accept service for the within named non-resident defendant **TIMOTHY BURNETTE**, pursuant to Connecticut General Statute Section 52-59b, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And afterwards, on the 16TH day of APRIL, 2020, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7019 1120 0001 2507 5935, return receipt requested, a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with my doing thereon endorsed, addressed to the within named defendant:

**TIMOTHY BURNETTE**
**211 W WACKER DRIVE**
**SUITE 300**
**CHICAGO, IL 60606**

SUPPLEMENTAL RETURN TO FOLLOW

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named non-resident defendant **STACY ROBINSON,** by leaving a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent to accept service for the within named non-resident defendant **STACY ROBINSON**, pursuant to Connecticut General Statute Section 52-59b, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And afterwards, on the 16TH day of APRIL, 2020, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7019 1120 0001 2507 5928, return receipt requested, a verified true and attested copy of the original WRIT,

State of Connecticut
County of Hartford
Department of Administrative Services

SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with my doing thereon endorsed, addressed to the within named defendant:

**STACY ROBINSON**
**609 SW 8TH ST**
**SUITE 600**
**BENTONVILLE, AR 72712-8706**

SUPPLEMENTAL RETURN TO FOLLOW

And also, on the 15TH day of APRIL, 2020, I made due and legal service upon the within named defendant **VELSA HOLDINGS, LLC**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **VELSA HOLDINGS, LLC**, pursuant to Connecticut General Statute Sections 34-243r & 34-275a, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And afterwards, on the 16TH day of APRIL, 2020, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, at the usual place of abode of the within named defendant **ROBIN LASKY, 40 WESTWOOD RD,** in the town of BRANFORD, County of New Haven. I verified the defendant's current address from a previous service.

And also, on the 16TH day of APRIL, 2020, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with and in the hands of the within named defendant **WENDY LEE BURSEY, 839 BURLINGTON AVENUE,** in the town of BRISTOL, County of Hartford.

The within is the original WRIT, SUMMONS, COMPLAINT AND DEMAND FOR RELIEF, with my doings thereon endorsed.

State of Connecticut
County of Hartford
Department of Administrative Services

ATTEST:

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

| | |
|---|---|
| Sec State | $600.00 |
| Copy | 900.00 |
| Endorsements | 31.60 |
| Service | 340.00 |
| Travel | 56.00 |
| Cert Mail | 54.00 |
| Total | $1981.60 |

**SUMMONS - CIVIL**

JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

<table>
<tr><td>For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.</td><td>STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov </td></tr>
</table>

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church St, New Haven, CT 06510 | ( 203 ) 503 – 6800 | April 28, 2020 |

| | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|
| [x] Judicial District    G.A.<br>[ ] Housing Session   [ ] Number: | | Major: T    Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Ariane Ice, Ice Legal, P.A., 20 Portsmouth Ave. Suite 1, Stratham, NH 03885 | 440836 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 603 ) 242 – 1503 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [x] Yes   [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)<br>service@icelegal.com; ariane.ice@icelegal.com |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: **Hughes, Monica**<br>Address: **67 Idlewood, Wolcott, CT 06716** | P-01 |
| **Additional plaintiff** | Name: **Hughes, Daniel**<br>Address: **67 Idlewood, Wolcott, CT 06716** | P-02 |
| **First defendant** | Name: **Strategic Financial Solutions, LLC**<br>Address: **711 Third Avenue, 6th Floor, New York, NY 10017** | D-01 |
| **Additional defendant** | Name: **F Solutions, LLC**<br>Address: **711 Third Avenue, 6th Floor, New York, NY 10017** | D-02 |
| **Additional defendant** | Name: **Strategic Client Support, LLC**<br>Address: **711 Third Avenue, 6th Floor, New York, NY 10017** | D-03 |
| **Additional defendant** | Name: **Anchor Client Services, LLC**<br>Address: **711 Third Avenue, 6th Floor, New York, NY 10017** | D-04 |

| Total number of plaintiffs: 2 | Total number of defendants: 16 | [x] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>03/10/2020 | Signed (Sign and select proper box) | [x] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>Ariane Ice |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

# CIVIL SUMMONS
## CONTINUATION OF PARTIES
JD-CV-2   Rev. 9-12

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**Hughes, Monica**

First named Defendant *(Last, First, Middle Initial)*
**Strategic Financial Solutions, LLC**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| Sasson, Ryan | 711 Third Avenue, 6th Floor, New York, NY 10017 | 05 |
| Celic, Kimberly | 711 Third Avenue, 6th Floor, New York, NY 10017 | 06 |
| Montanile, Lauren | 711 Third Avenue, 6th Floor, New York, NY 10017 | 07 |
| Camacho, Daniel | 711 Third Avenue, 6th Floor, New York, NY 10017 | 08 |
| Anchor Law Firm, PLLC | 609 SW 8th St. Ste. 600, Bentonville, AR 72712 | 09 |
| Blust, Jason | 211 W. Wacker Dr. Suite 300, Chicago, IL 60606 | 10 |
| Rogus, Thomas | 211 W. Wacker Dr. Suite 300, Chicago, IL 60606 | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

*FOR COURT USE ONLY - File Date*

Docket number

**CIVIL SUMMONS-Continuation**

First named Plaintiff *(Last, First, Middle Initial)*
**Hughes, Monica**

First named Defendant *(Last, First, Middle Initial)*
**Strategic Financial Solutions, LLC**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| Burnette, Timothy | 211 W. Wacker Dr. Suite 300, Chicago, IL 60606 | 05 |
| Robinson, Stacy | 609 SW 8th St. Ste. 600, Bentonville, AR 72712 | 06 |
| Lasky, Robin | 40 Westwood Rd, Branford, CT 06405 | 07 |
| Velsa Holdings, LLC | 5550 Painted Mirage Road, Suite 320, Las Vegas, NV 89149 | 08 |
| Bursey, Wendy Lee | 839 Burlington Ave, Bristol, CT 06010 | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

*FOR COURT USE ONLY - File Date*

Docket number

**CIVIL SUMMONS-Continuation**

| DOCKET NO.: NNH-CV20-6103506-S | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| DANIEL HUGHES, ET AL | : | JUDICIAL DISTRICT OF |
| | : | NEW HAVEN |
| V. | : | |
| | : | AT NEW HAVEN |
| STRATEGIC FINANCIAL | : | |
| SOLUTIONS, LLC, ET AL | : | APRIL 30, 2020 |

## MOTION FOR EXTENSION OF TIME

Pursuant to Practice Book § 10-8 et seq., the defendant, WENDY LEE BURSEY hereby requests an extension of time for thirty (30) days, up to and including June 28, 2020, in which to respond to the Complaint dated March 11, 2020 with a return date of April 28, 2020. The reason for the extension request is that counsel was recently retained and additional time is needed to investigate the allegations and prepare a response. This is the Defendant's first motion for an extension of time.

THE DEFENDANT,
WENDY LEE BURSEY

By: _____ */s/439235* _____
Molly M. Wilcox, Esq.
Cathleen A. Giannetta, Esq.
WOOD, SMITH, HENNING & BERMAN, LLP
40 Richards Avenue
3rd Floor
Norwalk, CT 06854
Telephone No.: (914) 353-3809
Fax No.: (914) 353-3851
Email: mwilcox@wshblaw.com
Juris No.: 437620

## <u>CERTIFICATION</u>

I hereby certify that  a copy of this document was or will be delivered via e-mail, U.S. mail, or facsimile on the 30th day of April, 2020 to all counsel of record as follows:

Ice Legal, P.A.
Attn: Ariane Ice, Esq.
6586 Hypoluxo Road
Suite 350
Lake Worth, FL 33467
Email: services@icelegal.com; ariane.ice@icelegal.com
***Attorneys for Plaintiffs***

_____/s/439235_____
Molly M. Wilcox, Esq.
WOOD, SMITH, HENNING & BERMAN, LLP

DOCKET NO: NNHCV206103506S

SUPERIOR COURT

HUGHES, DANIEL Et Al
  V.
STRATEGIC FINANCIAL SOLUTIONS,
LLC; Et Al

JUDICIAL DISTRICT OF NEW HAVEN
  AT NEW HAVEN

5/16/2020

<u>ORDER</u>

ORDER REGARDING:
04/30/2020 101.00 MOTION FOR EXTENSION OF TIME TO PLEAD

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

431664
_____

Judge: M NAWAZ WAHLA

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

| No. NNH-CV-20-6103506-S | ) | SUPERIOR COURT |
| | ) | |
| Daniel Hughes and Monica Hughes, | ) | J.D. OF NEW HAVEN |
| | ) | |
| Plaintiffs | ) | AT NEW HAVEN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Strategic Financial Solutions, LLC; F | ) | |
| Solutions, LLC | ) | |
| Strategic Client Support, LLC; Anchor | ) | |
| Client Services, LLC; Ryan Sasson; | ) | |
| Kimberly Celic; Lauren Montanile; Daniel | ) | |
| Camacho; Anchor Law Firm, PLLC, | | |
| Jason Blust; Thomas Rogus; Timothy | | |
| Burnette; Stacy Robinson; Robin Lasky; | | |
| Velsa Holdings, LLC; Wendy Lee Bursey, | | |
| | | |
| Defendants | | |

## MOTION TO AMEND CIVIL PROCESS TO REVISE THE RETURN DATE

The Plaintiff, under General Statutes § 52-72, and in accordance with §52-48, moves to amend the civil process to revise the return date to May 4, 2020. The process was filed on April 24, 2020, four days before the return date of civil process. *Coppola v. Coppola*, 243 Conn. 657, 707 A.2d 281, 282 (1998) (concluding that a party could file an amendment to correct a return date because it is consistent with the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court).

**Ice Legal, P.A.**
20 PORTSMOUTH AVE. SUITE 1, NO. 225, STRATHAM, NH 03885 | TELEPHONE: 603-242-1503

**Ice Legal, P.A.**
Attorney for Plaintiffs
20 Portsmouth Ave. Suite 1, No.
225
Stratham, NH 03885
(603) 242-1503

By: _____

    ARIANE ICE
    Juris No. 440836

## ORDER

The foregoing Motion to Amend Civil Process to Revise the Return Date, having been

duly heard by this Court, it is hereby GRANTED/DENIED.

_____
A Judge of the Superior Court

## CERTIFICATION

I hereby certify that a copy of the foregoing was served upon WOOD, SMITH, HENNING & BERMAN, LLP, Molly M Wilcox, 40 Richards Avenue 3rd Floor, Norwalk, CT 06854, mwilcox@wshblaw.com, *Counsel for Wendy Lee Bursey*, and a courtesy copy was delivered to Robert Frost, rmf@frostbussert.com, who upon information and belief, is representing all other defendants.

**Ice Legal, P.A.**
Attorney for Plaintiffs
20 Portsmouth Ave. Suite 1, No.
225
Stratham, NH 03885
(603) 242-1503

By: _____

ARIANE ICE
Juris No. 440836

| DOCKET NO.: NNH-CV20-6103506-S | : | SUPERIOR COURT |
| | : | |
| DANIEL HUGHES, ET AL | : | JUDICIAL DISTRICT OF |
| | : | NEW HAVEN |
| V. | : | |
| | : | AT NEW HAVEN |
| STRATEGIC FINANCIAL | : | |
| SOLUTIONS, LLC, ET AL | : | JUNE 24, 2020 |

## REQUEST TO REVISE COMPLAINT

Pursuant to Practice Book § 10-35 et seq., the defendant, WENDY LEE BURSEY, hereby requests that the plaintiffs, DANIEL HUGHES and MONICA HUGHES, revise their Complaint dated March 11, 2020, (hereinafter, the "Complaint"), as follows:

**I.    First Request to Revise**

    **A.    Portion of Pleading Sought to be Revised:**

The Table of Contents.

    **B.    Requested Revision:**

Deletion of the following terms/phrases "laying the trap", "whack-a-mole" and "springing the trap".

    **C.    Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading…the party desiring any such amendment…may timely file a request to revise that pleading."  In this case, the phrases outlined above are unnecessary and only serve as scandalous descriptions of the alleged conduct of the Defendant(s).

    **D.    Response:**

## II.     Second Request to Revise

### A.     Portion of Pleading Sought to be Revised:

The General Allegations section.

### B.     Requested Revision:

Deletion of the Venn diagram on page 8, United States map on page 9, Legal Services Contract photos on page 11, Settlement Letter photos on page 15, Settlement Letter photos on page 16, Photographs relating to Kimberly Celic on page 18, Photograph relating to Daniel Camacho on page 19, Photograph relating to Daniel Camacho on page 20, Photograph of Affidavit of Compliance on page 20, Photograph of signatures on page 21 and Photograph of contract provisions on page 21,

### C.     Reason for Requested Revision:

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading…the party desiring any such amendment…may timely file a request to revise that pleading."  In this case, the photographs and inserts outlined above are unnecessary additions to the Complaint and repetitious of the written allegations.

### D.     Response:


## III.     Third Request to Revise

### A.     Portion of Pleading Sought to be Revised:

The General Allegations section.

### B.     Requested Revision:

Deletion of the following terms/phrases "laying the trap", "bait-and-switch", "illusory", "shadowy group", "shell firm", "whack-a-mole", "springing the trap" and "sham face-to-face meeting".

**C.     Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading…the party desiring any such amendment…may timely file a request to revise that pleading."  In this case, the terms/phrases outlined above are unnecessary and only serve as scandalous descriptions of the alleged conduct of the Defendant(s).

**D.     Response:**

**IV.     <u>Fourth Request to Revise</u>**

**A.     Portion of Pleading Sought to be Revised:**

The First Count in its entirety.

**B.     Requested Revision:**

Separate the causes of action that are combined in Count 1 into separate causes of action.

**C.     Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(3) separation of causes of action which may be united in one complaint when they are improperly combined in one count…the party desiring…such amendment may file a timely request to revise that pleading."  In this case, fraud and intentional misrepresentation are separate causes of action with different elements that need to be pled separately.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegations.

D.     **Response:**


## V.     <u>Fifth Request to Revise</u>

**A.     Portion of Pleading Sought to be Revised:**

The First Count in its entirety.

**B.     Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant which are alleged to have been fraudulent.

**C.     Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations of fraud as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, Count 1 does not include specific allegations of fraud against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.     Response:**


## VI.     <u>Sixth Request to Revise</u>

**A.     Portion of Pleading Sought to be Revised:**

The First Count in its entirety.

**B.     Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that are alleged to have been intentional misrepresentations.

**C.      Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations of intentional misrepresentation as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, the First Count does not include specific allegations of intentional misrepresentation against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.      Response:**


**VII.    <u>Seventh Request to Revise</u>**

**A.      Portion of Pleading Sought to be Revised:**

The Second Count in its entirety.

**B.      Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute a conspiracy to commit fraud.

**C.      Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical

that the Defendant know the specific allegations that constitute a conspiracy to commit fraud as to her individually. Although the Defendant is mentioned in the general allegations section of the Complaint, the Second Count does not include specific allegations of conspiracy to commit fraud against the Defendant. This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.     Response:**

**VIII.   <u>Eighth Request to Revise</u>**

**A.     Portion of Pleading Sought to be Revised:**

The Third Count in its entirety.

**B.     Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute a civil right of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1962(c) and (d).

**C.     Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading." In this case, it is critical that the Defendant know the specific allegations that constitute a civil right of action for violation of RICO pursuant to 18 U.S.C. §1962(c) and (d) as to her individually. Although the Defendant is mentioned in the general allegations section of the Complaint, the Third Count does not include specific allegations of violations of RICO against the Defendant. This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.      Response:**

## IX.      <u>Ninth Request to Revise</u>

**A.      Portion of Pleading Sought to be Revised:**

The Fourth Count in its entirety.

**B.      Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute a private right of action for violation of the Connecticut Unfair Trade Practices Act pursuant to Conn. Gen. Stat. § 42-110a, et seq.

**C.      Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations that constitute a private right of action for violation of the Connecticut Unfair Trade Practices Act pursuant to Conn. Gen. Stat. § 42-110a, et seq. as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, the Fourth Count does not include specific allegations of violations of the Connecticut Unfair Trade Practices Act against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.      Response:**

## X.      <u>Tenth Request to Revise</u>

**A.      Portion of Pleading Sought to be Revised:**

The Sixth Count in its entirety.

**B.    Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute an implied private right of action for violation of the Connecticut Unauthorized Practice of Law Statute.

**C.    Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations that constitute an implied private right of action for violation of the Connecticut Unauthorized Practice of Law Statute as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, the Sixth Count does not include specific allegations of violations of the Connecticut Unfair Trade Practices Act against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.    Response:**

THE DEFENDANT,
WENDY LEE BURSEY


By:    _____/s/439235_____
       Molly M. Wilcox, Esq.
       Cathleen A. Giannetta, Esq.
       WOOD, SMITH, HENNING & BERMAN, LLP
       40 Richards Avenue
       3rd Floor
       Norwalk, CT 06854
       Telephone No.: (914) 353-3809
       Fax No.: (914) 353-3851
       Email: mwilcox@wshblaw.com
       Juris No.: 437620

## <u>CERTIFICATION</u>

I hereby certify that  a copy of this document was or will be delivered via e-mail, U.S. mail, or facsimile on the 24th day of June, 2020 to all counsel of record as follows:

Ice Legal, P.A.
Attn: Ariane Ice, Esq.
6586 Hypoluxo Road
Suite 350
Lake Worth, FL 33467
Email: service@icelegal.com; ariane.ice@icelegal.com
***Attorneys for Plaintiffs***

Frost Bussert LLC
350 Orange Street
Suite 100
New Haven, CT 06511
Email: rmf@frostbussert.com
***Attorneys for Co-Defendants, Kimberly Celic, Lauren Montanile, Anchor Law Firm, PLLC, Jason Blust, Thomas Rogus, Timothy Burnette, Stacy Robinson, Robin Lasky and Velsa Holdings, LLC***

_____*/s/439235*_____
Molly M. Wilcox, Esq.
WOOD, SMITH, HENNING & BERMAN, LLP

**MOTION FOR CONTINUANCE**
JD-CV-21   Rev. 5-15
C.G.S. § 52-196
P.B. §§ 14-23, 14-24

**ADA NOTICE**
The Judicial Branch of the State
of Connecticut complies with the Americans
with Disabilities Act (ADA). If you need a
reasonable accommodation in accordance
with the ADA, contact a court clerk or an ADA
contact person listed at *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| COURT USE ONLY |
|---|
| **MFCSE** |



**Instructions To Person Making Motion**
*Fill out all sections of this form except the Order section and file it with the Clerk of the*
*Court at least three (3) days before the date of the scheduled event.*

Docket number
**NNH-CV-20-6103506-S**

Name of case *(Full name of Plaintiff v. Full name of Defendant)*
**HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al**

| [x] Judicial District | [ ] Housing Session | [ ] Geographical Area Number | Address of Court *(Number, street, town and zip code)* **235 CHURCH STREET NEW HAVEN, CT 06510** |
|---|---|---|---|

| Date of Motion **Jul-7-2020** | Sequence Number on Short Calendar *(If applicable)* | Name of Judge Who Scheduled the Event this Continuance is Requested for *(If applicable)* |
|---|---|---|

| Date of Scheduled Event **Jul-7-2020** | Person Making Motion is: [x] Plaintiff's Attorney  [ ] Plaintiff  [ ] Defendant's Attorney  [ ] Defendant  [ ] Other |
|---|---|

| Firm Name, if Applicable | Address **6586 HYPOLUXO RD SUITE 350 LAKE WORTH, FL 33467** | Phone Number (with area code) **6032421503** |
|---|---|---|

## Event For Which Continuance Is Requested: *("X" applicable box(es) and explain below)*

| | | |
|---|---|---|
| [ ] Arbitration | [ ] Early Intervention Conference | [ ] Pretrial |
| [ ] Administrative Appeal Hearing | [ ] Fact-Finding | [ ] Status Conference |
| [ ] Attorney Trial Referee Proceeding | [ ] Foreclosure Mediation | [ ] Trial Management Conference |
| [ ] Court Trial | [ ] Jury Trial | [x] Other **File a Joint Scheduling Order** |
| [ ] Judicial-Alternative Dispute Resolution (J-ADR) | [ ] Hearing In Damages | |

## Reason(s) For Continuance Request: *("X" reason(s) and provide an explanation)*

| | |
|---|---|
| [ ] Counsel not ready | [ ] Discovery not complete |
| [ ] Lay witness not available *(Name of witness)* | |
| [ ] Counsel not available | [x] Other **see explanation** |
| [ ] Party not available *(Name of party)* | |
| [ ] Expert witness not available *(Name of witness)* | |

*Continue explanation, if necessary:*

**Due to a clerical error Plaintiff failed to notify newly-appeared parties of the previously issued Scheduling Order and the**
**undersigned requests a brief continuance so that the parties may file a joint proposed scheduling order**

For the above reason(s), I request this case be continued to (date): _____ or [x] at the court's discretion.
**See Attached**

I have contacted all counsel and self-represented parties of record about my intention to seek a continuance. All of the counsel
and self-represented parties:
[ ] **Consent**   [ ] **Do Not Consent**   [x] **Have not responded to the above motion for continuance and requested continuance date.**
*Note: An agreement to continue a matter does not mean that the motion will automatically be granted by the court.*
**I agree to be responsible for notifying my client, if applicable, and all counsel of record and self-represented parties whether the**
**continuance is granted or denied, and if granted, the new date of the scheduled event.**

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Jul-7-2020** to all attorneys
and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented
parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*
**FROST BUSSERT LLC - 350 ORANGE STREET/SUITE 100/NEW HAVEN, CT 06511**

| Signed *(Signature of filer)* ▶ **440836** | Print or type name of person signing **ARIANE MICHELE ICE** | Date signed **Jul-7-2020** |
|---|---|---|
| Mailing address *(Number, street, town, state and zip code)* **6586 HYPOLUXO RD SUITE 350 LAKE WORTH, FL 33467** | | Telephone number **6032421503** |

| **Order** | Motion For Continuance is: [ ] Granted  [ ] Denied | Matter Continued To: | Signed *(Judge)* | Date |
|---|---|---|---|---|

*If necessary, attach additional sheet or sheets with name and address which the copy was mailed or delivered to.

**Continuation of JDCV21 Motion For Continuance Form for NNH-CV-20-6103506-S**

**Submitted By ARIANE MICHELE ICE (440836)**

**Additional Information on date continuance is requested:**

Brief continuance so that the parties may file a joint proposed scheduling order.

**Name and Address at which service was made:**

WOOD SMITH HENNING & BERMAN - 40 RICHARDS AVENUE/3RD FLOOR/NORWALK, CT 06854

**\*\*\*\*\* End of Certification of Service \*\*\*\*\***

DOCKET NO: NNHCV206103506S

SUPERIOR COURT

HUGHES, DANIEL Et Al
   V.
STRATEGIC FINANCIAL SOLUTIONS,
LLC; Et Al

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

7/8/2020

## ORDER

ORDER REGARDING:
07/07/2020 104.00 MOTION FOR CONTINUANCE

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Continuance to the end of business day, 7/31/2020, is granted.

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

431664
_____

Judge: M NAWAZ WAHLA

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

| No. NNH-CV-20-6103506-S | ) | SUPERIOR COURT |
|---|---|---|
| | ) | |
| Daniel Hughes and Monica Hughes, | ) | J.D. OF NEW HAVEN |
| | ) | |
| Plaintiffs | ) | AT NEW HAVEN |
| | ) | |
| v. | ) | JULY 24, 2020 |
| | ) | |
| | ) | |
| Strategic Financial Solutions, LLC; F Solutions, | ) | |
| LLC; Strategic Client Support, LLC; Anchor | ) | |
| Client Services, LLC; Ryan Sasson; Kimberly | ) | |
| Celic; Lauren Montanile; Daniel Camacho; | ) | |
| Anchor Law Firm, PLLC, Jason Blust; Thomas | ) | |
| Rogus; Timothy Burnette; Stacy Robinson; Robin | ) | |
| Lasky; Velsa Holdings, LLC; Wendy Lee Bursey, | ) | |
| | ) | |
| Defendants | ) | |

## OBJECTIONS TO REQUEST TO REVISE

Plaintiffs, Daniel Hughes and Monica Hughes, object to the Defendant, Wendy Lee Bursey's Request to Revise on the grounds stated herein. Plaintiff objects to all the Requests.

**Ice Legal, P.A.**
Attorney for Plaintiffs
20 Portsmouth Ave. Suite 1, No. 225
Stratham, NH 03885
(603) 242-1503

By: _____
ARIANE ICE
Juris No. 440836

## CERTIFICATION

I hereby certify that a copy of the foregoing was served upon WOOD, SMITH, HENNING & BERMAN, LLP, Molly M Wilcox, 40 Richards Avenue 3rd Floor, Norwalk, CT 06854, mwilcox@wshblaw.com, *Counsel for Wendy Lee Bursey*, and FROST BUSSERT LLC, Robert Matthew Frost Jr., 350 Orange St. Suite 100 New Haven, CT 06511 rmf@frostbussert.com, *Counsel for Strategic Financial Solutions, LLC; F Solutions, LLC; Strategic Client Support, LLC; Anchor Client Services, LLC; Ryan Sasson; Kimberly Celic Lauren Montanile; Anchor Law Firm, PLLC; Jason Blust; Thomas Rogus; Timothy Burnette; Stacy Robinson; Robin Lasky; Velsa Holdings, LLC.*

**Ice Legal, P.A.**
Attorney for Plaintiffs
20 Portsmouth Ave. Suite 1, No. 225
Stratham, NH 03885
(603) 242-1503

By: _____

ARIANE ICE
Juris No. 440836

| | | |
|---|---|---|
| No. NNH-CV-20-6103506-S | ) | SUPERIOR COURT |
| | ) | |
| Daniel Hughes and Monica Hughes, | ) | J.D. OF NEW HAVEN |
| | ) | |
| Plaintiffs | ) | AT NEW HAVEN |
| | ) | |
| v. | ) | JULY 24, 2020 |
| | ) | |
| | ) | |
| Strategic Financial Solutions, LLC; F Solutions, | ) | |
| LLC; Strategic Client Support, LLC; Anchor | ) | |
| Client Services, LLC; Ryan Sasson; Kimberly | ) | |
| Celic; Lauren Montanile; Daniel Camacho; | ) | |
| Anchor Law Firm, PLLC, Jason Blust; Thomas | ) | |
| Rogus; Timothy Burnette; Stacy Robinson; Robin | ) | |
| Lasky; Velsa Holdings, LLC; Wendy Lee Bursey, | ) | |
| | ) | |
| Defendants | ) | |

## OBJECTIONS TO REQUEST TO REVISE

Plaintiffs, Daniel Hughes and Monica Hughes, object to the Defendant, Wendy Lee

Bursey's Request to Revise on the grounds stated herein. Plaintiff objects to all the Requests.

**Ice Legal, P.A.**
Attorney for Plaintiffs
20 Portsmouth Ave. Suite 1, No. 225
Stratham, NH 03885
(603) 242-1503

By: _____
    ARIANE ICE
    Juris No. 440836

## CERTIFICATION

I hereby certify that a copy of the foregoing was served upon WOOD, SMITH, HENNING & BERMAN, LLP, Molly M Wilcox, 40 Richards Avenue 3rd Floor, Norwalk, CT 06854, mwilcox@wshblaw.com, *Counsel for Wendy Lee Bursey*, and FROST BUSSERT LLC, Robert Matthew Frost Jr., 350 Orange St. Suite 100 New Haven, CT 06511 rmf@frostbussert.com, *Counsel for Strategic Financial Solutions, LLC; F Solutions, LLC; Strategic Client Support, LLC; Anchor Client Services, LLC; Ryan Sasson; Kimberly Celic Lauren Montanile; Anchor Law Firm, PLLC; Jason Blust; Thomas Rogus; Timothy Burnette; Stacy Robinson; Robin Lasky; Velsa Holdings, LLC.*

**Ice Legal, P.A.**
Attorney for Plaintiffs
20 Portsmouth Ave. Suite 1, No. 225
Stratham, NH 03885
(603) 242-1503

By: _____

    ARIANE ICE
    Juris No. 440836

DOCKET NO.: NNH-CV20-6103506-S      :      SUPERIOR COURT

                                        :

DANIEL HUGHES, ET AL            :      JUDICIAL DISTRICT OF

                                        :      NEW HAVEN

V.                                   :

                                        :      AT NEW HAVEN

STRATEGIC FINANCIAL         :

SOLUTIONS, LLC, ET AL         :      JUNE 24, 2020

## REQUEST TO REVISE COMPLAINT

Pursuant to Practice Book § 10-35 et seq., the defendant, WENDY LEE BURSEY, hereby requests that the plaintiffs, DANIEL HUGHES and MONICA HUGHES, revise their Complaint dated March 11, 2020, (hereinafter, the "Complaint"), as follows:

**I.**    **First Request to Revise**

    **A.**    **Portion of Pleading Sought to be Revised:**

The Table of Contents.

    **B.**    **Requested Revision:**

Deletion of the following terms/phrases "laying the trap", "whack-a-mole" and "springing the trap".

    **C.**    **Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading…the party desiring any such amendment…may timely file a request to revise that pleading." In this case, the phrases outlined above are unnecessary and only serve as scandalous descriptions of the alleged conduct of the Defendant(s).

    **D.**    **Response: See Attachment**

II. **Second Request to Revise**

    A.     **Portion of Pleading Sought to be Revised:**

The General Allegations section.

    B.     **Requested Revision:**

Deletion of the Venn diagram on page 8, United States map on page 9, Legal Services Contract photos on page 11, Settlement Letter photos on page 15, Settlement Letter photos on page 16, Photographs relating to Kimberly Celic on page 18, Photograph relating to Daniel Camacho on page 19, Photograph relating to Daniel Camacho on page 20, Photograph of Affidavit of Compliance on page 20, Photograph of signatures on page 21 and Photograph of contract provisions on page 21,

    C.     **Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(2) the deletion of any unnecessary, repetitive, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading…the party desiring any such amendment…may timely file a request to revise that pleading." In this case, the photographs and inserts outlined above are unnecessary additions to the Complaint and repetitive of the written allegations.

    D.     **Response: See Attachment**


III. **Third Request to Revise**

    A.     **Portion of Pleading Sought to be Revised:**

The General Allegations section.

    B.     **Requested Revision:**

Deletion of the following terms/phrases "laying the trap", "bait-and-switch", "illusory", "shadowy group", "shell firm", "whack-a-mole", "springing the trap" and "sham face-to-face meeting".

**C.**     **Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading…the party desiring any such amendment…may timely file a request to revise that pleading."  In this case, the terms/phrases outlined above are unnecessary and only serve as scandalous descriptions of the alleged conduct of the Defendant(s).

**D.**     **Response: See Attachment**

**IV.**     **Fourth Request to Revise**

**A.**     **Portion of Pleading Sought to be Revised:**

The First Count in its entirety.

**B.**     **Requested Revision:**

Separate the causes of action that are combined in Count 1 into separate causes of action.

**C.**     **Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain…(3) separation of causes of action which may be united in one complaint when they are improperly combined in one count…the party desiring…such amendment may file a timely request to revise that pleading."  In this case, fraud and intentional misrepresentation are separate causes of action with different elements that need to be pled separately.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegations.

D.      **Response: See Attachment**

## V.      <u>Fifth Request to Revise</u>

A.      **Portion of Pleading Sought to be Revised:**

The First Count in its entirety.

B.      **Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant which are alleged to have been fraudulent.

C.      **Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations of fraud as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, Count 1 does not include specific allegations of fraud against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

D.      **Response: See Attachment**

## VI.      <u>Sixth Request to Revise</u>

A.      **Portion of Pleading Sought to be Revised:**

The First Count in its entirety.

B.      **Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that are alleged to have been intentional misrepresentations.

**C.  Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations of intentional misrepresentation as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, the First Count does not include specific allegations of intentional misrepresentation against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.  Response: See Attachment**

**VII.  <u>Seventh Request to Revise</u>**

**A.  Portion of Pleading Sought to be Revised:**

The Second Count in its entirety.

**B.  Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute a conspiracy to commit fraud.

**C.  Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical

that the Defendant know the specific allegations that constitute a conspiracy to commit fraud as to her individually. Although the Defendant is mentioned in the general allegations section of the Complaint, the Second Count does not include specific allegations of conspiracy to commit fraud against the Defendant. This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

    **D.**    **Response: See Attachment**


**VIII.**  <u>**Eighth Request to Revise**</u>

    **A.**    **Portion of Pleading Sought to be Revised:**

The Third Count in its entirety.

    **B.**    **Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute a civil right of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1962(c) and (d).

    **C.**    **Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading." In this case, it is critical that the Defendant know the specific allegations that constitute a civil right of action for violation of RICO pursuant to 18 U.S.C. §1962(c) and (d) as to her individually. Although the Defendant is mentioned in the general allegations section of the Complaint, the Third Count does not include specific allegations of violations of RICO against the Defendant. This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.      Response: See Attachment**


**IX.      Ninth Request to Revise**

**A.      Portion of Pleading Sought to be Revised:**

The Fourth Count in its entirety.

**B.      Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute a private right of action for violation of the Connecticut Unfair Trade Practices Act pursuant to Conn. Gen. Stat. § 42-110a, et seq.

**C.      Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations that constitute a private right of action for violation of the Connecticut Unfair Trade Practices Act pursuant to Conn. Gen. Stat. § 42-110a, et seq. as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, the Fourth Count does not include specific allegations of violations of the Connecticut Unfair Trade Practices Act against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.      Response: See Attachment**


**X.      Tenth Request to Revise**

**A.      Portion of Pleading Sought to be Revised:**

The Sixth Count in its entirety.

**B.  Requested Revision:**

Identify with specificity the actions and/or inactions of the Defendant that constitute an implied private right of action for violation of the Connecticut Unauthorized Practice of Law Statute.

**C.  Reason for Requested Revision:**

Practice Book § 10-35 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading…the party desiring any such amendment…may file a timely request to revise that pleading."  In this case, it is critical that the Defendant know the specific allegations that constitute an implied private right of action for violation of the Connecticut Unauthorized Practice of Law Statute as to her individually.  Although the Defendant is mentioned in the general allegations section of the Complaint, the Sixth Count does not include specific allegations of violations of the Connecticut Unfair Trade Practices Act against the Defendant.  This revision is necessary in order for the Defendant to properly defend herself and respond appropriately to the allegation(s).

**D.  Response: See Attachment**

THE DEFENDANT,
WENDY LEE BURSEY


By:      _/s/439235_____
         Molly M. Wilcox, Esq.
         Cathleen A. Giannetta, Esq.
         WOOD, SMITH, HENNING & BERMAN, LLP
         40 Richards Avenue
         3rd Floor
         Norwalk, CT 06854
         Telephone No.: (914) 353-3809
         Fax No.: (914) 353-3851
         Email: mwilcox@wshblaw.com
         Juris No.: 437620

<u>**CERTIFICATION**</u>

I hereby certify that a copy of this document was or will be delivered via e-mail, U.S. mail, or facsimile on the 24th day of June, 2020 to all counsel of record as follows:

Ice Legal, P.A.
Attn: Ariane Ice, Esq.
6586 Hypoluxo Road
Suite 350
Lake Worth, FL 33467
Email: service@icelegal.com; ariane.ice@icelegal.com
*Attorneys for Plaintiffs*

Frost Bussert LLC
350 Orange Street
Suite 100
New Haven, CT 06511
Email: rmf@frostbussert.com
*Attorneys for Co-Defendants, Kimberly Celic, Lauren Montanile, Anchor Law Firm, PLLC, Jason Blust, Thomas Rogus, Timothy Burnette, Stacy Robinson, Robin Lasky and Velsa Holdings, LLC*

_____ */s/439235*_____
Molly M. Wilcox, Esq.
WOOD, SMITH, HENNING & BERMAN, LLP

# PRELIMINARY STATEMENT

## I.      Overview

This is a case of fraud, conspiracy to commit fraud, violation of the Racketeer Influenced and Corrupt Organizations Act, violation of the Connecticut Unfair Trade Practices Act, legal malpractice, and violation of Connecticut unauthorized practice of law statute in which the Plaintiffs seek damages, including compensatory damages, treble damages, punitive damages and attorneys' fees and costs.

In a nutshell, Plaintiffs allege that Defendants have resurrected a now infamous operation called Legal Helpers Debt Resolution, LLC ("Legal Helpers")—a scheme that, several years ago, resulted in the suspension of two Chicago attorneys from the practice of law and consented-to fines by the Attorneys General of Illinois, Wisconsin, and North Carolina.  Legal Helpers' methods were found by one court to be fraudulent misrepresentation and a violation of 11 U.S.C. § 526 (Restrictions on debt relief agencies). *In re Huffman*, 505 B.R. 726 (Bankr. S.D. Miss. 2014).  The alleged architects of the scheme in this case were involved with Legal Helpers and the specific elements of the business structure, methods, and even nomenclature (such as "Welcome Packet" and "Class B" membership) used in the two schemes are nearly identical.

Here, Plaintiffs allege that Strategic Financial Solutions, LLC ("SFS")[1] is a New York-based company that ostensibly settles credit card debt for consumers and whose CEO is a former Legal Helpers Supervisor and Manager.  SFS has built a business model designed to make it appear that it is merely a vendor performing debt negotiation services for various "law firms"—in this

---

[1] As used in this motion, "SFS" will include the affiliates and alter egos of Strategic Financial Solutions, LLC: F. Solutions, LLC, Strategic Client Support, LLC,  and Summit Client Services, LLC.

case, Defendant Anchor Law Firm, PLLC ("Anchor").  In reality, Anchor, along with dozens of other firms, are shell companies created and maintained by a shadowy group of Chicago attorneys—also formerly connected to Legal Helpers.  By impersonating Anchor and other shell firms, SFS induces consumers to sign "legal services contracts" that are functionally nothing more than contracts for its own debt settlement program.  SFS's purpose in masquerading as a law firm is to evade various federal and state laws intended to curb deceptive and abusive practices of debt settlement companies, including the Telemarking Sales Rule "TSR"[2] and to project the aura of trustworthiness associated with a profession that is supervised by the courts and bar organizations.

### *The role of the mobile notaries*

Here, the movant, Wendy Lee Bursey ("Bursey" or "Notary") is the mobile notary who is alleged to have played a key role in the fraudulent scheme.  Specifically, she is alleged to have carried out the shell firm's purported face-to-face "consultation" with the prospective "client" at the signing of the legal services contract.  The scheme employs mobile notaries to personally meet with Connecticut consumers under the guise of being a representative, paralegal, or even attorney of the law firm.  The notaries facilitate the fraud by falsely holding themselves as having a contract with the law firm and as having legal knowledge of the TSR and other laws. The result of this deception is that Connecticut consumers sign the documents that purport to be legal services contracts without knowing that they have never spoken to an actual employee of the shell law firm and that no attorney, much less a Connecticut-licensed attorney, even knows they are becoming a client.  When the Illinois bar suspended the attorneys who created the identical scheme (Legal

---

[2] 16 CFR Part 310 regulates telemarketing defined "a plan, program, or campaign . . . to induce the purchase of …services" involving more than one interstate telephone call and was promulgated by the Federal Trade Commission ("FTC") to implement the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. 6101-6108.

Helpers), it found that they had assisted the notaries (generously called "paralegals" in that case) to practice law without a license:

> Here, all versions of the retainer agreements were complicated multi-page documents containing multiple provisions of significant legal import. The power of attorney form also gave significant legal authority to [Legal Helpers] and its designees. It was not reasonable for Respondents, or any attorney who reviewed these documents, to conclude that a nonattorney could present and explain them to clients without engaging in the unauthorized practice of law. Accordingly, we find the nonattorney employees of the strategic alliance partners, <u>as well as the paralegals who conducted face-to-face meetings</u>, engaged in the unauthorized practice of law in presenting and facilitating the execution of the retainer agreements and powers of attorney….Respondents assisted in the unauthorized practice of law described above.[3]

### *The notary's Request to Revise seeks obscurity rather than clarity*

The Notary's Request to Revise is a transparent attempt to edit and dilute good-faith, factual, and proper allegations—many of which do not even apply to her—through the abuse of an inapposite legal vehicle. For example, without any substantive legal explanation or a single cited case, the first and third requests seek to censor terms as fundamental to these allegations of fraud as "illusory," "shell firm" and "trap." Additionally, the second request seeks to remove <u>all</u> images from the complaint, including such basic additions as a map showing where Defendants' business operated. The fifth through tenth requests seek to edit each count of the complaint, arguing that a more particular statement of the allegations is needed in each one. These requests should be denied.

The Supreme Court of Connecticut has repeatedly discouraged extensive use of requests to revise. "The power of a trial court…to direct a fuller and more particular statement of the

---

[3] *In re Macey and Aleman*, Commission Nos. 2012PR00057 and 2012PR00058, Report and Recommendation of the Hearing Board (December 2014), pp. 39-40 (emphasis added); Available at: https://bit.ly/HrgBoardLHDR.

ground of a claim or defense contained in any pleading is largely discretionary, to be exercised with caution, and never for frivolous or unsubstantial reasons." *Prince v. Takash*, 75 Conn. 616 (Conn. 1903); *see also Donovan v. Davis*, 85 Conn. 394 (Conn. 1912) (noting that the "indiscriminate use" of requests to revise, then called motions to expunge, "burden[] the legal profession with much unnecessary and profitless labor" and should be "discouraged by the trial courts"). Connecticut trial courts, as well, have expressed distaste for the use of requests to revise, except in "plain cases." *Id.* at 398.

If the purpose of a request to revise is to provide clarity, The Notary's request does the opposite. It seeks to remove images of documents referenced in the Complaint and to remove titles and descriptors that inform and guide the reader. The request should be denied.

## II.    First Requested Revision:

Deletion of the following terms/phrases "laying the trap", "whack-a-mole" and "springing the trap" [on the grounds that they "only serve as scandalous descriptions of the alleged conduct of the Defendant(s)."]

## Objection:

"A scandalous allegation has been described as 'one that reflects <u>unnecessarily</u> on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court.'" *Tucker v. American Intern. Group, Inc.,* 936 F. Supp. 2d 1, 16 (D. Conn. 2013) (emphasis added). The contested phrases are not "repulsive" and do not detract from the dignity of this Court. More importantly, to whatever extent that Defendant believes her moral character is impugned by the words, that affront arises from (or ought to arise from) her inclusion in the factual allegations of fraud, not from relatively benign subtitles, such as "laying the trap" and "springing the trap." Those phrases are in subtitles—merely the introductory signals that organize the lengthy presentation of those factual allegations.  These subtitles do not allude to any facts or otherwise make any claims distinct from the central allegations of fraud which they introduce.  They do not reflect any more on Defendant's moral character than the inherently scandalous allegations of fraud and deceit.

Moreover, Ms. Bursey is not even mentioned in the sections entitled "Laying the trap" and "Whack-a-mole."   These sections describe <u>the creation</u> of a fraudulent enterprise in which, according to the allegations thus far, she did not take part.  Since these words do not even apply to her, she cannot argue that it reflects upon her moral character.  But even if they did apply to her, these words are not "scandalous."

### *"Laying the trap" and "Springing the trap"*

The Notary is referring to the subtitles of sections on pages 10 and 19 of the Complaint. As defined by Merriam-Webster, common definitions of "trap" include "something by which one is caught or stopped unawares" and "a position or situation from which it is difficult or impossible to escape."[4]  It is in these ways that the Plaintiffs use the term, describing the effects of the fraudulent business practices of the moving Defendants co-conspirators. These concepts—being caught unaware, being unable to escape, etc.—are central to the allegations presented in the Complaint.

### *"Whack-a-mole"*

According to the Oxford University Press, the (non-literal[5]) definition of "whack-a-mole" means: "used with reference to a situation in which attempts to solve a problem are piecemeal or superficial, resulting only in temporary or minor improvement."[6]  The expression, therefore, does not in itself imply any criminal or otherwise scandalous conduct.  Here, "whack-a-mole" is simply a metaphor that introduces the allegations that the enterprise alleged in this case is a continuation of an earlier one (Legal Helpers) which various regulatory agencies had invested significant efforts to shut down.

Nor is there anything about the phrase that is vulgar or offensive to the dignity of this Court. In fact, courts themselves frequently use the term in judicial opinions. *E.g.*, *Chase v. Town of Montville Zoning Bd. of Appeals*, No. CV146020402, 2016 WL 822921, at *4, n.1 (Conn. Super.

---

[4]  "Trap." Merriam-Webster.com Dictionary, Merriam-Webster, https://www. merriam-webster.com/dictionary/trap. Accessed 19 Jul. 2020.

[5] The literal definition refers to a children's arcade game.

[6]  Oxford University Press (2020 whack-a-mole). In: Lexico.com, Available at: https://www.lexico.com/definition/whack-a-mole.

Ct. Feb. 4, 2016) (unreported) (expressing concern that a ruling "could unnecessarily prolong and raise the expense of litigation, turning land use appeals into a game of 'whack-a-mole,'…"); *In re Conway*, 542 B.R. 855, 858 (B.A.P. 8th Cir. 2015) ("A decision on the dischargeability of student loan debt will nearly always be akin to a judicial version of "Whack–A–Mole" because a debtor's income and expenses are seldom static."); *Taylor v. State*, 162 So. 3d 780, 790 (Miss. 2015) (dissenting opinion of P.J. Dickinson) (using the subtitle "Whack-a Mole Jurisprudence" and stating "Today's majority provides an excellent analysis of this Court's opinions over the years, which seemingly have played Whack–A–Mole with the *Barker* factors."); *Klein v. PetroChina Co.*, 644 F. App'x 13, 15 (2d Cir. 2016) ("The district court reasoned that the defendants should not have 'to play whack-a-mole with this case'"); *Petrobras Am., Inc. v. Vicinay Cadenas, S.A.*, 644 Fed.Appx. 13 (S.D. Tex. Nov. 24, 2014) ("a court should not permit or encourage a later tacking on of whole new theories when one fails; otherwise pleading becomes an extended game of whack-a-mole.").

Regardless of whether the Notary may find issue with the use of these terms from a stylistic perspective, Plaintiffs nevertheless have discretion as to the contents of the complaint, assuming the basic rules of pleadings are followed. *See First Nat'l Bank & Tr. Co. v. Blakeslee,* 4 Conn. Supp. 354 (Super. Ct. 1936). These expressions are fully within the reasonable discretion of the Plaintiffs.

**Second Requested Revision:**

Deletion of the Venn diagram on page 8, United States map on page 9, Legal Services Contract photos on page 11, Settlement Letter photos on page 15, Settlement Letter photos on page 16, Photographs relating to Kimberly Celic on page 18, Photograph relating to Daniel Camacho on page 19, Photograph relating to Daniel Camacho on page 20, Photograph of Affidavit of

Compliance on page 20, Photograph of signatures on page 21 and Photograph of contract provisions on page 21,

**Objection:**

Defendant seeks to exclude from the complaint <u>all</u> images, including photographs, charts, and excerpts of documents, on the sole grounds that they are unnecessary and "repetitious of the written allegations." Again, by seeking to strike all images from the Complaint seeks to obscure, rather than enlighten. It is indisputable that images are essential tools to clarifying lengthy prose. Leaving aside the adage that "a picture is worth a thousand words," legal writing experts have long praised the virtues of images:

> Words may be a lawyer's primary tool, but they're not the only tool. Well-crafted images—charts, diagrams, photographs—can make your briefs more interesting and persuasive, and law schools would do well to incorporate instruction in visual presentation. A chart can persuasively show factual and legal points; a diagram can explain a case's procedural history, and a photograph can save five pages of your brief.[7]

Again, there is nothing objectionable about using images in court pleadings, and again, courts frequently use them in their own opinions. *See e.g. TA Instruments, Inc. v. Perkin-Elmer Corp.*, 277 F. Supp. 2d 367, 373 (D. Del. 2003) (diagram of circuit); *Elbers v. Chicago Printed String Co.*, 39 F.2d 315, 316 (7th Cir. 1930) (images of spoolholders); *Bass v. Farrell*, 236 Ark. 782, 784, 370 S.W.2d 54, 56 (1963) (survey map).

---

[7] Adam L. Rosman, *Visualizing the Law: Using Charts, Diagrams, and Other Images to Improve Legal Briefs*, Journal of Legal Education, Volume 63, Number 1 (August 2013), citing Brian A. Garner, *The Elements of Legal Style* (Oxford Univ. Press, 2d ed. 2002); Ross Guberman, *Point Made: How to Write Like the Nation's Top Advocates* (Oxford Univ. Press 2011); Matthew Butterick, *Typography for Lawyers* (Jones McClure Pub. 2010); *Antonin Scalia & Bryan A. Garner, Making Your Case: The Art of Persuading Judges xix* (West 2008). *See also*, Elizabeth G. Porter, *Taking Images Seriously*, 114 Colum L. Rev. 1687 (2014).

The only issue is whether these particular images are offensive to the Notary. Since only one image, the Venn Diagram of "The SFS Enterprise" even tangentially pertains to the Notary, she has no standing to argue as to the other images.

## *Venn diagram*

The Venn diagram on page 8 clarifies the relationship between each Defendant, as well as the structure of Defendants' business operations—summarizing many pages of allegations into a single visual representation:



The illustration demonstrates how the Facade Firm Defendants share key personnel with the SFS Defendants and how both the Facade Firm Defendants and the SFS Defendants share former Legal Helpers attorneys. It shows how Velsa Holdings, LLC (the notary service) is alleged to work directly with the SFS Defendants even though they will claim to be agents of the Facade Firms. And finally it demonstrates how the notary is alleged to be connected through Velsa to the

SFS Defendants, rather than the Facade Firm Defendants, as claimed in her Affidavit of Compliance.

The diagram has no image of the Notary—only her name, which is already in the caption of the case and the text of the allegations. (The photographs of other Defendants are from publicly-facing internet postings by the Defendants themselves, so they could not be offensive to anyone, much less, the Notary.)

## *United States map*

The map on page 9 provides basic information about the fraudulent enterprise:



Not only does it summarize information in the textual allegations, it visually drives home the fact that, despite being an Arkansas company created by an Arkansas attorney, Anchor represents no clients in Arkansas. It practices law exclusively in other states[8] where neither of the two owners of Anchor, Thomas Rogus and Stacy Robinson are licensed to practice.

---

[8] Colorado, Connecticut, Kentucky, New Hampshire, New Jersey, Wyoming. Not shown is Rhode Island and Vermont (which were revealed by recent depositions).

### *Legal Services Contract images*

The images of the purported legal services contracts—essentially just excerpts of those documents—clarify what is meant by Defendant "inserting" various names of Facade Firms into the same templated contract. In place of a tedious description, it plainly shows what words are replaced and where. This is a proper presentation of fact relating to what is inherently a visual medium—the layout of documents.

### *Settlement Letter images*

Like the Legal Services Contract images, the Settlement Letter photos plainly show exactly what is meant by a "striking resemblance" without using tedious description.

### *Images of internet postings of Kimberly Celic and Daniel Camacho*

The images used here provide additional fact relevant to the allegation. As to Kimberly Celic, the images show the contradiction regarding her own claims of employment (purportedly serving as both an employee of SFS and one of its "portfolio" firms, Pioneer Law Firm). The LinkedIn image shows that the information about her employment is Ms. Celic's own representation to the world and provides context as to how Plaintiffs acquired this information. And because these images are lifted directly from the internet, they are more powerful than simply describing the LinkedIn posting (or directing the reader to the posting)—which, in any event, can be changed at any time by Ms. Celic.

The Pioneer Law Firm letter shows Ms. Celic's signature during the same time period as she claims to be employed by SFS. Both the LinkedIn images and the Pioneer letterhead also provide more specific dates than were alleged in the text.

As to Daniel Camacho, the Facebook image provides context as to the Plaintiffs acquired knowledge as to Mr. Camacho's employment with Strategic Financial Solutions—again, through his own representations to the world. These facts are not repetitious. Nor do the images put the Defendants in a false light—much less, the Notary who does not appear in these images.

### *Images of the legal services contract in this case.*

See above reasoning relating to excerpts of documents. These images plainly and concisely illustrate the layout of relevant documents, as well as what information each document contains. Once again, the embedded images are the relevant portions of a document that will be a central exhibit in the case. Indeed, it would be perfectly appropriate to attach the entire contract (over 35 pages) as an exhibit to the Complaint, making it part of the pleading that can be admitted like any other factual allegation. *Altama, LLC v. Napoli Motors, Inc.*, 181 Conn. App. 151, 156, 186 A.3d 78, 82 (2018). Here, the images serve to immediately direct the reader to the relevant part of the document, without having to turn to that lengthy document and look for the page with the referenced text. Once again, by asking to strike these images, the Notary seeks to muddy, rather than distill, the waters—which contradicts the very purpose of a request to revise.

The excerpt of the Affidavit of Compliance[9] is particularly relevant to this motion because it is the document signed by the notary and is no more offensive or repetitious than if Plaintiffs had simply quoted the same material or pointed to the passage in an attachment:



---

[9] Complaint, p. 20.

It establishes the most important fact as to the Notary, that by signing this document, she held herself out as a "representative affiliated with and under contract to the Anchor Law Firm, PLLC, in my role as a Representative, Member, Partner, Employee or Independent Contract of said firm." It further demonstrates that she used the word "our" in reference to the "representation of said Client" and "the Letter of Engagement to legal representation," strongly suggesting that she is affiliated as an attorney, paralegal, or at least, an employee of the firm. It says that the Notary met with the Plaintiffs "to review the Client's file and present all relevant information" The Complaint alleges that none of these statements are true.

In sum, the images are clearly not repetitious—and far less repetitious than had Plaintiffs attached the documents as exhibits as they were entitled to do. None contain or appear alongside transcriptions or any comparable text that would be a source of redundancy. There is no legitimate legal basis by which to claim these images are unnecessary or in any way repeat the written allegations. If Defendant believes that the facts represented by the images do not constitute a cause of action, that is an issue to be raised in a Motion to Strike.

**III.     Third Requested Revision:**

Deletion of the following terms/phrases "laying the trap", "bait-and-switch", "illusory", "shadowy group", "shell firm", "whack-a-mole", "springing the trap" and "sham face-to-face meeting".

**Objection:**

Defendant's Third Request is improper by the reasoning stated in the Plaintiffs' objection to Defendant's First Request. Without further explanation, Defendant seeks to remove the same phrases as those contested in the First Request in addition to other descriptive terms seemingly arbitrarily picked from the General Allegations section.

### *"Laying the trap," "Springing the trap," and "Whack-a-mole"*

*See*, Plaintiffs' objection to Defendant's First Request.

### *"Bait-and-switch"*

According to Merriam-Webster, a common definition of "bait and switch" is "a sales tactic in which a customer is attracted by the advertisement of a low-priced item but is then encouraged to buy a higher-priced one."[10]  Here, the allegations are that consumers are lured by one service (the promise of a low-interest debt consolidation loan) and then encourage to buy another high-priced service (the debt settlement program).   The term is used in dozens of Connecticut opinions. *See e.g. Ferrigno v. Pep Boys*, 47 Conn. Supp. 580, 583, 818 A.2d 903, 904 (Super. Ct. 2003) (describing a "bait and switch" sales tactic as a classic CUTPA violation—one of the Counts in this case).

### *"Illusory"*

According to Merriam-Webster, the definition of "illusory" is "based on or producing illusion…deceptive."[11] The idea of deception is fundamental to the concept of fraud. The term "illusory" is necessary and proper.   The term "illusory" is used in hundreds of Connecticut opinions.

---

[10] "Bait and switch." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/bait%20and%20switch.

[11] "Illusory." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/illusory.

### *"Shadowy group"*

According to Merriam-Webster, a common definition of "shadowy"—the only definition unrelated to physical shadows—is "faintly perceptible…indistinct."[12]  The word simply refers to the alleged fact that this group intentionally hides its involvement from the general public.  For example, the Managing Member and Majority in Interest of Anchor, Thomas Rogus, lives and works in Chicago—yet his name is nowhere to be found on the Anchor website.  Jason Blust, the rent-a-CEO and purported "consultant" of Anchor works out of the same office and uses a purported consulting agreement to hide his involvement with the firm.  In short, the allegations are that these key players operate the shell firm, Anchor, from the shadows.  And again, even if the firm were somehow offensive beyond the allegations themselves, it is not used to describe the Notary.

### *"Shell firm"*

Investopedia defines a "shell corporation" as "a corporation without active business operations or significant assets [which] are sometimes used illegitimately, such as to disguise business ownership from law enforcement or the public."[13] This is a literal and concise description of the Plaintiffs' allegations regarding Anchor.  Despite claiming to be a multi-state firm, it has very few assets and a handful of "employees" who are shared with dozens of other firms.  Its attorneys actually a referral network of independent lawyers who claim to be part owners of the company, but who rarely, if ever, appear in Court under Anchor's name.  The term "shell corporation" appears in over a dozen Connecticut opinions.

---

[12]  "Shadowy." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/shadowy.

[13] "Shell Corporation" Investopedia, https://www.investopedia.com/terms/s/shellcorporation.asp.

*"Sham face-to-face meeting"*

According to Merriam-Webster, the common definition of "sham" is "not genuine."[14] The idea of genuineness is fundamental to the concepts of fraud and deceit. The term "sham" is proper and is used in hundreds of Connecticut opinions.

\* \* \*

Defendant's Third Request should be denied.

## IV.     Fourth Requested Revision:

Separate the causes of action that are combined in Count 1 into separate causes of action.

## Objection:

Contrary to Defendant's claim, Connecticut courts have unequivocally and repeatedly decided that fraud and intentional misrepresentation are <u>not</u> separate causes of action. "[A] cause of action for intentional misrepresentation is essentially a claim of fraud." *Reid v. Landsberger*, 123 Conn. App. 260 (2010) (Citations omitted; internal quotation marks omitted). "We also note that, at common law, fraudulent misrepresentation and intentional misrepresentation are the same tort." *Kramer v. Petisi*, 285 Conn. 674, 684 n. 9, A.2d 800 (2008).

## V.     Fifth Requested Revision:

Identify with specificity the actions and/or inactions of Defendant which are alleged to have been fraudulent.

---

[14] "Sham." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/sham

**Objection:**

As discussed above, the requirements most central to a pleading are that the pleading is factual, plain, and concise. The remainder is left to the discretion of Plaintiffs. Plaintiffs exercised that discretion to "identify with specificity" each Defendant's participation in the fraud in the General Allegations (156 paragraphs). Then, Plaintiffs arranged the Counts to build on one another—for example, the fraud which underlies the conspiracy to commit fraud and the RICO count is alleged first as Count I. The Plaintiffs properly reallege and incorporate all preceding allegations as the first allegation of each count so as to minimize the repetition of allegations.

However, in Defendant's fifth through tenth requests, Defendant essentially asks the Court to require the opposite—to impose an obligation to repeat all the preceding allegations in each Count which would increase the length of the Complaint by over a thousand paragraphs. This is precisely the opposite of the purpose of a request to revise.

For these reasons, the request should be denied.

## VI.    Sixth Requested Revision:

Identify with specificity the actions and/or inactions of Defendant that are alleged to have been intentional misrepresentations

**Objection:**

For the reason stated in the Plaintiff's objection to Defendant's Fourth Request, no separate cause of action should be written for allegations of intentional misrepresentation. Therefore, there is no distinct allegation to be made more specific. Moreover, the Complaint details the Notary's misrepresentations with specificity.[15] Most of her misrepresentations appear in the Affidavit of

---

[15] Complaint, pp. 10, 20.

Compliance—is detailed with specificity. She held herself out—in writing—to be a representative of Anchor for the purpose of deceiving Plaintiffs into thinking they were dealing with a bona fide law firm.

Defendant's Sixth Request should be denied.

**VII. Seventh Requested Revision:**

Identify with specificity the actions and/or inactions of Defendant that constitute a conspiracy to commit fraud.

**Objection:**

For all reasons discussed in the Plaintiff's objection to Defendant's Fifth Request, Defendant's Seventh Request should be denied.

**VIII. Eighth Requested Revision:**

Identify with specificity the actions and/or inactions of Defendant that constitute a civil right of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1962(c) and (d).

**Objection:**

For all reasons discussed in the Plaintiff's objection to Defendant's Fifth Request, Defendant's Eighth Request should be denied.

**IX. Ninth Requested Revision:**

Identify with specificity the actions and/or inactions of Defendant that constitute a private right of action for violation of the Connecticut Unfair Trade Practices Act pursuant to Conn. Gen. Stat. § 42-110a, et seq.

**Objection:**

For all reasons discussed in the Plaintiff's objection to Defendant's Fifth Request, Defendant's Ninth Request should be denied.

**X.**     **Tenth Requested Revision:**

Identify with specificity the actions and/or inactions of Defendant that constitute an implied private right of action for violation of the Connecticut Unauthorized Practice of Law Statute.

**Objection:**

For all reasons discussed in the Plaintiff's objection to Defendant's Fifth Request, Defendant's Tenth Request should be denied.

**MOTION FOR CONTINUANCE**
JD-CV-21   Rev. 5-15
C.G.S. § 52-196
P.B. §§ 14-23, 14-24

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| COURT USE ONLY |
| --- |
| **MFCSE** |

**Instructions To Person Making Motion**
*Fill out all sections of this form except the Order section and file it with the Clerk of the Court at least three (3) days before the date of the scheduled event.*

Docket number
**NNH-CV-20-6103506-S**

Name of case *(Full name of Plaintiff v. Full name of Defendant)*
**HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al**

| [X] Judicial District | [ ] Housing Session | Geographical Area Number | Address of Court *(Number, street, town and zip code)* **235 CHURCH STREET NEW HAVEN, CT 06510** |
| --- | --- | --- | --- |

| Date of Motion **Jul-30-2020** | Sequence Number on Short Calendar *(If applicable)* | Name of Judge Who Scheduled the Event this Continuance is Requested for *(If applicable)* |
| --- | --- | --- |

Date of Scheduled Event
**Jul-30-2020**

Person Making Motion is:
[X] Plaintiff's Attorney   [ ] Plaintiff   [ ] Defendant's Attorney   [ ] Defendant   [ ] Other

| Firm Name, if Applicable | Address **6586 HYPOLUXO RD SUITE 350 LAKE WORTH, FL 33467** | Phone Number (with area code) **603-242-1503** |
| --- | --- | --- |

## Event For Which Continuance Is Requested: *("X" applicable box(es) and explain below)*

[ ] Arbitration
[ ] Administrative Appeal Hearing
[ ] Attorney Trial Referee Proceeding
[ ] Court Trial
[ ] Judicial-Alternative Dispute Resolution (J-ADR)

[ ] Early Intervention Conference
[ ] Fact-Finding
[ ] Foreclosure Mediation
[ ] Jury Trial
[ ] Hearing In Damages

[ ] Pretrial
[ ] Status Conference
[ ] Trial Management Conference
[X] Other **File a Joint Scheduling Order**

## Reason(s) For Continuance Request: *("X" reason(s) and provide an explanation)*

[ ] Counsel not ready
[ ] Lay witness not available *(Name of witness)*
[ ] Counsel not available
[ ] Party not available *(Name of party)*
[ ] Expert witness not available *(Name of witness)*

[ ] Discovery not complete
[X] Other **see explanation**

*Continue explanation, if necessary:*

**The parties are in agreement due to the current status of the case that it makes sense to continue this for 60 days**

For the above reason(s), I request this case be continued to (date): __Sep-28-2020__   or   [ ] at the court's discretion.

I have contacted all counsel and self-represented parties of record about my intention to seek a continuance. All of the counsel and self-represented parties:

[X] Consent   [ ] Do Not Consent   [ ] Have not responded to the above motion for continuance and requested continuance date.
*Note: An agreement to continue a matter does not mean that the motion will automatically be granted by the court.*
**I agree to be responsible for notifying my client, if applicable, and all counsel of record and self-represented parties whether the continuance is granted or denied, and if granted, the new date of the scheduled event.**

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* __Jul-30-2020__ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

Name and address of each party and attorney that copy was mailed or delivered to*

**FROST BUSSERT LLC - rmf@frostbussert.com**

| Signed *(Signature of filer)* ▶ **440836** | Print or type name of person signing **ARIANE MICHELE ICE** | Date signed **Jul-30-2020** |
| --- | --- | --- |
| Mailing address *(Number, street, town, state and zip code)* **6586 HYPOLUXO RD SUITE 350 LAKE WORTH, FL 33467** | | Telephone number **603-242-1503** |

| **Order** | Motion For Continuance is: [ ] Granted  [ ] Denied | Matter Continued To: | Signed *(Judge)* | Date |
| --- | --- | --- | --- | --- |

*If necessary, attach additional sheet or sheets with name and address which the copy was mailed or delivered to.

**Certification of Service (Continued from JDCV21)**

**Name and Address at which service was made:**

WOOD SMITH HENNING & BERMAN - mwilcox@wshblaw.com

**\*\*\*\*\* End of Certification of Service \*\*\*\*\***

DOCKET NO: NNHCV206103506S

SUPERIOR COURT

HUGHES, DANIEL Et Al
   V.
STRATEGIC FINANCIAL SOLUTIONS,
LLC; Et Al

JUDICIAL DISTRICT OF NEW HAVEN
   AT NEW HAVEN

7/30/2020

ORDER

ORDER REGARDING:
07/30/2020 107.00 MOTION FOR CONTINUANCE

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

Short Calendar Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

431664

Judge: M NAWAZ WAHLA

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

# SCHEDULING ORDER

JD-CV-71 Rev. 1-10

CONNECTICUT JUDICIAL BRANCH
## SUPERIOR COURT
www.jud.ct.gov



### Instructions
*1. Complete all sections and file with the clerk.*
*2. All counsel and self-represented parties of record must sign the fully completed form and keep a copy for their records.*

| Judicial District of | Conference date *(If known)* | Docket number |
|---|---|---|
| **New Haven** | | **NNH-CV-20-6103506-S** |

Name of case

**HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al**

## Alternate Dispute Resolution

Have the parties discussed alternative dispute resolution methods (ADR), including court-annexed mediation, binding arbitration, and private mediation? ☐ Yes ☒ No

Are all parties willing to refer the case to **PRIVATE ADR**? ☒ Yes ☐ No

Are there reasons why this case should be referred to the Complex Litigation Docket (CLD)? ☐ Yes ☒ No

In court cases, are the parties willing to try the case before an **ATTORNEY TRIAL REFEREE**? ☐ Yes ☒ No

In jury cases, are the parties willing to try the case (with a jury) before a **JUDGE TRIAL REFEREE**? ☐ Yes ☒ No

## Discovery Order

**By order of the Presiding Judge, the following discovery order is entered. A party who does not follow this order** may be sanctioned by having to pay a fine; having proposed evidence excluded at trial; having the case dismissed; being defaulted or non-suited; or other sanctions.

1. File Certificate of Closed Pleadings (JD-CV-11) by *(date)*: __3/1/21__

2. Exchange written discovery requests by *(date)*: __10/1/20__

3. Exchange responses to discovery requests by *(date)*: __12/1/20__

4. Any dispositive motions, including motions for summary judgment, shall be filed by: *(at least 8 months before trial)* __4/1/21__
   Responses to dispositive motions shall be filed by *(date)*: __5/1/21__

5. Dispositive motions shall be marked ready on the short calendar no later than *(date)*: __6/1/21__

6. Disclose
   Plaintiff's experts by *(date)*: __1/1/2021__  Defendant's experts by *(date)*: __2/1/21__

7. Complete depositions of
   Fact witnesses by *(date)*: __2/1/21__
   Plaintiffs by *(date)*: __2/1/21__  Defendants by *(date)*: __2/1/21__
   Plaintiff's experts by *(date)*: __2/15/21__  Defendant's experts by *(date)*: __3/15/21__

Note: The Court will not act on a request for a continuance based on incomplete discovery unless the parties have followed the Standing **Discovery and Deposition Dispute Order** which may be viewed on the Judicial Branch website at *www.jud.ct.gov/external/super/StandOrders/discovery.htm.*

8. For jury cases only: The verdict will likely be ☒ more than $50,000 ☐ less than $50,000

9. Finish Independent Medical Exam(s) (I.M.E.) by *(date)*: __N/A__

10. Is there a case that should be consolidated with this one? ☐ Yes ☒ No  Docket number: _____

11. Motion to consolidate this case with the below-named case is to be filed and marked ready by *(date)*: _____

| Docket number | Name of case to consolidate with |
|---|---|
| | |

12. When will this case be ready for a meaningful settlement conference? __1/4/2021__

13. Other scheduling orders:

14. Other Orders:

*Counsel and all self-represented parties of record should indicate a date for pretrial, however it will still be subject to review by the court. Counsel and self-represented parties will be notified of the date and time scheduled for pretrial.*

15. Give 3 dates when all parties are available to start the trial: 1. __2/1/2022__  2. __2/8/22__  3. __3/1/2022__

16. A pretrial conference will be held in this case on or about *(date)*: _____

*(Continued on next page)*

## Agreement

| Name of attorney/Self-represented party* | Name of attorney/Self-represented party* |
|---|---|
| **Ariane M. Ice** | **Robert M. Frost, Jr.** |
| Name of attorney/Self-represented party* | Name of attorney/Self-represented party* |
| **Molly M. Wilcox** | |
| Name of attorney/Self-represented party* | Name of attorney/Self-represented party* |
| | |
| Name of attorney/Self-represented party* | Name of attorney/Self-represented party* |
| | |

*\* If necessary, attach additional sheet with names of counsel/self-represented parties that are in agreement with the proposed order.*

| I certify that this proposed order has been agreed to by all counsel and self-represented parties of record. | Signed *(Individual attorney or self-represented party)* ► *Ice* |
|---|---|

## Certification

| I certify that a copy of this motion was mailed or delivered to all counsel and self-represented parties in the case on: | DATE **07/31/2020** | SIGNED *(Individual attorney or self-represented party)* ► *Ice* | Phone number *(area code first)* **(603) 242-1503** |
|---|---|---|---|

| Name of each party motion was mailed or delivered to* | Address motion was mailed or delivered to* |
|---|---|
| **Robert M. Frost, Jr.;** <br><br> **Molly M. Wilcox** | Robert M. Frost, Jr.; Frost Bussert LLC, 350 Orange Street, Suite 100, New Haven, CT 06511; <br><br> Molly M. Wilcox; Wood, Smith, Henning & Berman LLP 5 Waller Avenue, Suite 200, White Plains, NY 10601 |

*\*If necessary, attach additional sheet with the names of each party motion was mailed or delivered to and the address motion was mailed or delivered to.*

## Order *(For Court Use Only)*

The above proposed order having been considered, it is HEREBY ORDERED:

| ☐ Granted | ☐ Denied | Signed *(Judge)* | Date issued |
|---|---|---|---|

JD-CV-71 Rev. 1-10 (Back/Page 2)

> **The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact the court clerk of the Judicial District on the front/page 1 of this form.**
> *www.jud.ct.gov/ADA/*

# APPEARANCE

JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions —** *See Back/Page 2*

## Notice To Self-Represented Parties

*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

☐ I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.

| Return date |
| --- |
| **Apr-28-2020** |
| Docket number |
| **NNH-CV-20-6103506-S** |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

**HUGHES, DANIEL Et Al v. STRATEGIC FINANCIAL SOLUTIONS, LLC; Et Al**

| ☒ Judicial District | ☐ Housing Session | ☐ Small Claims | ☐ Geographic Area number | Address of Court *(Number, street, town and zip code)* **235 CHURCH STREET NEW HAVEN, CT 06510** |
| --- | --- | --- | --- | --- |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney **FROST BUSSERT LLC** | Juris number of attorney or firm **433115** |
| --- | --- |

| **Mailing Address** *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with that attorney/firm number. That address cannot be changed in this form.)* **350 ORANGE STREET SUITE 100** | Post office box | Telephone number *(Area code first)* **203-495-9790** |
| --- | --- | --- |

| City/town **NEW HAVEN** | State **CT** | Zip code **06511** | Fax number *(Area code first)* **203-495-9795** | E-mail address **rmf@frostbussert.com** |
| --- | --- | --- | --- | --- |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

☐ The Plaintiff *(includes the person suing another person).*
☐ All Plaintiffs.
☐ The following Plaintiff(s) only:
☐ The Defendant *(includes the person being sued or charged with a crime).*
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only).*
☐ All Defendants.
☒ The following Defendant(s) only: **Pty# D-08 DANIEL CAMACHO**
☐ Other *(Specify):*
☐ This is a Family Matters case and my appearance is for: *("x" one or both)*
    ☐ matters in the Family Division of the Superior Court    ☐ Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8):*
2. ☐ This appearance is in addition to an appearance already on file.

*(Name and Juris Number)*

| **I agree to accept papers (service) electronically in this case under Practice Book Section 10-13** | ☒ Yes | ☐ No |
| --- | --- | --- |

| Signed *(Individual attorney or self-represented party)* ▶ 415741 | Name of person signing at left *(Print or type)* **ROBERT MATTHEW FROST JR** | Date signed **Jul 31 2020** |
| --- | --- | --- |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Jul 31 2020** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

| Name and address of each party and attorney that copy was mailed or delivered to* **WOOD SMITH HENNING & BERMAN - MWilcox@wshblaw.com** **ARIANE ICE - ariane.ice@icelegal.com** | For Court Use Only |
| --- | --- |

| Signed *(Signature of filer)* ▶ 415741 | Print or type name of person signing **ROBERT MATTHEW FROST JR** | Date signed **Jul 31 2020** | Telephone number **203-495-9790** |
| --- | --- | --- | --- |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.